UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.a.r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, INC. <br><br> Defendant. | Case No. _____ <br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(a), Defendant Frontier Airlines, Inc. ("Frontier") hereby removes this action from the Supreme Court of the State of New York, County of New York, Index No. 652599/2023, to the United States District Court for the Southern District of New York. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). In support of this Notice of Removal, Frontier states as follows:

**PROCEDURAL HISTORY**

1. This action relates to fourteen lease agreements (the "Leases") between and among Frontier and the Plaintiffs. The Leases are the subject of a related action pending in this Court captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited*, et al., Case No. 1:22-cv-02943 (PAE).

2. Plaintiffs commenced this action on May 31, 2023, by filing a Summons against Frontier and a sealed Complaint in the Supreme Court of the State of New York, New York County (the "State Court"), under Index No. 652599/2023.

3. On June 1, 2023, Plaintiffs filed a proposed Order to Show Cause with the State Court seeking permission to file the Complaint in redacted form and permission to file the complaint under seal pending a hearing on the Order to Show Cause. Plaintiffs also filed a Memorandum of Law in support of the proposed Order to Show Cause, an Affirmation of Jed M. Schwartz ("Schwartz Affirmation"), and a redacted copy of the Complaint as Exhibit A to the Schwartz Affirmation. Along with these filings, Plaintiffs filed a Disclosure Statement, Request for Judicial Intervention and a Commercial Division Request for Judicial Intervention Addendum.

4. On June 5, 2023, the New York State Court entered an Order to Show Cause, dated May 31, 2023, granting Plaintiffs permission to file an unredacted version of the Complaint under seal.

5. On June 6, 2023, Plaintiffs filed a Notification of Sealing.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of the filings as they appear on the docket as of the time of the filing of this Notice of Removal are attached as Exhibits A-J.[1]

7. The Complaint asserts claims against Frontier for (1) Breach of Contract of the Lease Agreements, (2) Breach of Contract of the Non-Waiver Agreement, and (3) Tortious Interference with Prospective Economic Advantage. *See* Ex. B (Compl. ¶¶ 69-87).

---

[1] As of the time of filing of the Notice of Removal, the unredacted Complaint is filed with the New York State Court under seal pursuant to the Order to Show Cause dated May 31, 2023 and as filed by Plaintiffs. Consistent with Plaintiffs' Order to Show Cause, Defendant will promptly move this Court for permission to file an unredacted copy of the Complaint under seal.

8.      The Complaint seeks monetary damages in excess of $75,000, plus pre- and post-judgment interest, punitive damages, and reasonable attorneys' fees, costs, and disbursements. *See id*. at 19 (Prayer for Relief).  In the Commercial Division Addendum, Plaintiffs state that they seek compensatory damages that are "[m]ore than $500,000." Ex. H at 1.  The Complaint also seeks judgment that Frontier breached the Leases and Non-Waiver Agreement and tortiously interfered with Plaintiffs' prospective economic advantage. *See id*. at 18-19 (Prayer for Relief).

9.      On June 5, 2023, Frontier was served with (1) the Summons; (2) the unredacted Complaint, with Exhibits 1-4; (3) a Notice of Electronic Filing (Mandatory Case); (4) the Schwartz Affirmation, with Exhibit A; (5) the Memorandum of Law in Support of Order to Show Cause; (6) the Rule 35 Corporate Disclosure Statement; (7) the Request for Judicial Intervention; (8) the Commercial Division Addendum; and (9) the Order to Show Cause.

## THE PARTIES

10.     Plaintiff Carlyle Aviation Management Limited is a company organized and existing under the laws of Bermuda with its principal place of business in Dublin, Ireland.

11.     Plaintiff Accipiter Investments Aircraft 4 Limited is a company incorporated under the laws of Ireland and is headquartered in Dublin, Ireland.

12.     Plaintiff Vermillion Aviation (Two) Limited is a company incorporated under the laws of Ireland and is headquartered in Dublin, Ireland.

13.     Plaintiff Accipiter Holdings DAC is a company incorporated under the laws of Ireland and is headquartered in Dublin, Ireland.

14.     Plaintiff Maverick Aviation Holdings Ltd. is a company incorporated under the laws of the Cayman Islands and is headquartered in Ontario, Canada, with offices in Toronto, Canada, Dublin, Ireland and Miami, Florida.  It was established by non-party Maverick Aviation Partnership LP, which is incorporated under the laws of Canada.

15. Plaintiff Manchester Aviation Finance S.a.r.l. is a company incorporated under the laws of Luxembourg and is headquartered in Luxembourg. It is wholly owned by Defendant Maverick Aviation Holdings Ltd.

16. Plaintiff Wells Fargo Trust Company N.A., not in its individual capacity but solely in its capacity as Owner Trustee under the Leases, is a national banking association with its designated main office in Ogden, Utah.

17. Plaintiff UMB Bank, N.A., not in its individual capacity but solely in its capacity as Owner Trustee under the Leases, is a national banking association headquartered in Kansas City, Missouri.

18. Defendant Frontier Airlines Inc. is a Colorado corporation with its headquarters in Denver, Colorado.

## ENTITLEMENT TO REMOVAL

19. Frontier has the power to remove this action pursuant to 28 U.S.C. §§ 1441 and 1332(a).

20. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

21. By their Complaint, Plaintiffs seek monetary damages against Frontier in excess of $500,000.

22. For purposes of diversity jurisdiction, a corporation is a citizen of the state(s) or foreign state(s) in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

23. Frontier is the sole defendant in the action. Pursuant to 28 U.S.C. § 1332(c)(1), Frontier is a citizen of the state of Colorado, which is both its state of incorporation and the location of its headquarters.

24. No Plaintiff in this action is a citizen of the state of Colorado for purposes of diversity jurisdiction.

25. Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiffs Carlyle Aviation Management Limited, Accipiter Investments Aircraft 4 Limited, Vermillion Aviation (Two) Limited, Accipiter Holdings DAC, Maverick Aviation Holdings Ltd., and Manchester Aviation Finance S.a.r.l. are citizens of foreign states.

26. For purposes of diversity jurisdiction, "a national bank is a citizen only of the state in which its main office is located." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 216 (2d Cir. 2016); *see also* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Therefore, Plaintiff Wells Fargo Trust Company, N.A., is a citizen of Utah, and Plaintiff UMB Bank, N.A. is a citizen of Missouri.

27. Pursuant to 28 U.S.C. § 1441(a), this case is properly removed to the United States District Court for the Southern District of New York. This Court is the United States District Court for the district and division of the New York State Court where the action was brought.

28. Additionally, Section 20.15 of the Leases provide that the parties submit to the non-exclusive jurisdiction of this Court for "any suit, action or proceedings relating to" the Lease Agreement "or any matter between the parties arising under or in connection with" the agreement. *See* Ex. B (Compl. Ex. 1 § 20.15). The parties also waived any objection to venue in or jurisdiction of this Court.

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) and because the parties have waived by contract any objection to venue in this Court.

30. Pursuant to 28 U.S.C. § 1441(b)(2), Frontier is not a citizen of the state of New York, the state in which the action was brought.

31. Frontier has timely removed the action because this Notice of Removal has been filed within 30 days of its receipt of the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal is timely if it is filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief. Frontier was served on June 5, 2023 and files this Notice of Removal on June 6, 2023.

32. Pursuant to 28 U.S.C. § 1446(d), after filing this Notice of Removal, Frontier will promptly serve written notice of this Notice of Removal on counsel for Plaintiffs and file the same with the Clerk of the Supreme Court of the State of New York, County of New York.

33. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

34. Frontier reserves the right to submit, at the appropriate time, any further documents, factual support, or arguments supporting the basis for jurisdiction, if necessary.

35. By filing this Notice of Removal, Frontier does not waive any defenses that may be available to it and does not concede any allegations in the Complaint or that the Complaint states a valid claim against Frontier.

**WHEREFORE**, Frontier removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: June 6, 2023

                                        Respectfully submitted,

                                        **BINDER & SCHWARTZ LLP**

By: /s/ Eric B. Fisher
      Eric B. Fisher
      366 Madison Avenue, 6th Floor
      New York, New York 10017
      Telephone No.: (212) 510-7008
      Facsimile No.: (212) 510-7299
      Email: efisher@binderschwartz.com

*Attorneys for Defendant Frontier Airlines, Inc.*