# Exhibit E
# Memorandum of Law in
# Support of Order to Show Cause

FILED: NEW YORK COUNTY CLERK 06/01/2023 04:26 PM    INDEX NO. 652599/2023
NYSCEF DOC. NO. 6                                    RECEIVED NYSCEF: 06/01/2023

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

|  |  |
|---|---|
| CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.à r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, | Index No.: |

Plaintiffs,

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE**

v.

FRONTIER AIRLINES, INC.,

Defendant.

Pursuant to 22 N.Y.C.R.R. § 216.1(a), Plaintiffs respectfully submit this Memorandum of Law in Support of the Order to Show Cause.

## I.    BACKGROUND

Concurrently with the Order to Show Cause, Plaintiffs filed a copy of their Complaint and supporting exhibits with the Clerk of Court. Plaintiffs and Defendant are parties to the Leases[1] for ten Airbus A320 aircraft, which Plaintiffs allege permit the Lessor and Owner Participant to transfer or assign ownership of the aircraft. Plaintiffs have agreed to sell certain of the aircraft to third parties and enter into refinancing transactions regarding the others. In connection with those transactions, certain Plaintiffs have entered into agreements with those third parties.

---

[1] Any capitalized terms not defined herein shall have the definitions ascribed to them in Plaintiffs' Complaint, filed concurrently herewith.

Specifically, four of the aircraft are subject to purchase agreements between Plaintiffs and third-party purchasers, and six of the aircraft are subject to refinancing agreements between Plaintiffs and third-party financiers. The Complaint references price terms of those pending sales and financings and the proceeds certain Plaintiffs would obtain from such transactions. *See* Affirmation of Jed M. Schwartz in Support of Order to Show Cause ("Schwartz Affirmation") ¶ 4. Given the sensitive nature of these terms, and the implication any disclosure would have on private third parties, Plaintiffs are seeking a sealing order as to the unredacted Complaint.

## II.    LEGAL STANDARD

Although there is a presumption that the public is entitled to access to judicial proceedings and court records, the public's "right of access is not absolute." *Danco Lab'ys, Ltd. v. Chem. Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1, 6 (1st Dep't 2000). Section 216.1(a) of the Uniform Rules for the New York State Trial Courts limits the circumstances under which a court may seal records, and provides that:

> Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. *In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.* Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard.

22 N.Y.C.R.R. § 216.1(a) (emphasis added).

"Although the rule does not further define good cause . . . a sealing order should rest on a sound basis or legitimate need to take judicial action, a showing properly burdening the party seeking to have a sealed record remain sealed." *Danco Lab'ys*, 274 A.D.2d at 8 (internal quotations and citation omitted). Where an entire document does not need to be sealed, "redaction is a viable option, predicated upon the required level of need." *Id.*

- 2 -

III.    **ARGUMENT**

There is good cause to allow sealing of an unredacted version of the Complaint and permit filing of a redacted copy on the public docket. The Complaint contains highly sensitive and confidential information regarding Plaintiffs' ongoing business transactions involving third parties to sell or finance the aircraft. *See* Schwartz Affirmation ¶ 4. This information includes the price terms of ongoing transactions, and the proceeds certain Plaintiffs would obtain from them. If these business transactions are not protected by sealing, Plaintiffs' ability to sell or finance the aircraft will be hindered, which would not only be detrimental to Plaintiffs, but also to the ongoing arrangement for Defendant to lease such aircraft.

In the commercial context, courts have permitted sealing when disclosure "could threaten a business's competitive advantage." *Natixis Real Est. Cap. Tr. 2007-HE2 v. Natixis Real Est. Cap., Inc.*, Index No. 153945/2013, 77 Misc. 3d 1224(A), at *1 (Sup. Ct. Jan. 12, 2023) (internal quotations and citation omitted). For example, "[p]roprietary information, in the nature of current or future business strategies which are closely guarded by a private corporation, is akin to a trade secret, which, if disclosed, would give a competitor an unearned advantage." *Mancheski v. Gabelli Grp. Cap. Partners*, 39 A.D.3d 499, 502 (2d Dep't 2007); *see also PBF I Holdings Ltd. v. Valero (PERU) Holdings Ltd.*, No. 657704/2019, 2020 WL 547649, at *1 (N.Y. Sup. Ct. Jan. 29, 2020) (granting motion to seal and/or redact and finding that the redactions of "sensitive financial information and confidential business strategies" were appropriate); *Linkable Networks, Inc. v. Mastercard Inc.*, No. 651964/2019, 75 Misc. 3d 1231(A), at *3 (Sup. Ct. Aug. 3, 2022) (finding sealing protection warranted where documents contained "sensitive financial information concerning business strategies, licensing agreements and fees of nonparties").

Moreover, courts have also found sealing to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest, particularly in circumstances involving "highly sensitive transaction documents implicating both the confidentiality obligations of the parties and the privacy interests of nonparties." *Natixis Real Est. Cap. Tr. 2007-HE2*, 77 Misc. 3d 1224(A), at *1; *Mancheski*, 39 A.D.3d at 502-03 (finding good cause to seal information that "could impinge on the privacy rights of third parties who clearly are not litigants [in the action]" and, moreover, a "compelling interest in sealing the documents containing [defendant's] proprietary financial information because disclosure could harm the private corporation's competitive standing").

Plaintiffs' Complaint references the price terms of transactions with third parties meant to sell and finance the aircraft. The Complaint also indicates the proceeds certain Plaintiffs would obtain from such transactions. This information is confidential pursuant to Plaintiffs' purchasing agreements and financing agreements executed between certain Plaintiffs and third parties. *See* Schwartz Affirmation ¶ 4. Public disclosure of these terms would reveal confidential business information that implicates the sensitive nature of the transactions as well as the privacy interests of third parties. Further, public disclosure of these terms would also hinder Defendant's ability to continue leasing the aircraft. Moreover, there is no significant public interest in this information, as it concerns the terms of private transactions between private parties.

Thus, because public disclosure of the unredacted Complaint would reveal confidential business information concerning Plaintiffs' ongoing business relationships with third parties, including competitive and sensitive price terms, and would similarly harm both Plaintiffs' and Defendant's commercial interests, sealing the unredacted version and permitting narrowly tailored redactions of this sensitive information is appropriate.

- 4 -

FILED: NEW YORK COUNTY CLERK 06/01/2023 04:26 PM          INDEX NO. 652599/2023

NYSCEF DOC. NO. 6                                            RECEIVED NYSCEF: 06/01/2023

## IV.     CONCLUSION

For the abovementioned reasons, Plaintiffs respectfully request that the Court grant this

Order to Show Cause.


Dated:  May 26, 2023                          **MILBANK LLP**
        New York, New York

                                              _____

                                              Jed M. Schwartz
                                              Emily Werkmann
                                              55 Hudson Yards
                                              New York, New York 10001
                                              Tel: (212) 530-5000
                                              JSchwartz@milbank.com
                                              EWerkmann@milbank.com

                                              *Attorneys for Plaintiffs*

- 5 -

FILED: NEW YORK COUNTY CLERK 06/01/2023 04:26 PM    INDEX NO. 652599/2023
NYSCEF DOC. NO. 6    RECEIVED NYSCEF: 06/01/2023

**CERTIFICATION**

I, Jed M. Schwartz, hereby certify that the foregoing Memorandum of Law complies with

Rule 17 of the Commercial Division Rules in that it contains 1,059 words and therefore does not

exceed the 7,000 word count limit.

Dated:  May 26, 2023
        New York, New York

_____
Jed M. Schwartz