UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLYLE AVIATION MANAGEMENT
LIMITED, ACCIPITER INVESTMENTS
AIRCRAFT 4 LIMITED, VERMILLION
AVIATION (TWO) LIMITED, ACCIPITER
HOLDINGS DAC, MAVERICK AVIATION
HOLDINGS LTD., MANCHESTER
AVIATION FINANCE S.à r.l., WELLS
FARGO TRUST COMPANY, N.A., not in its
individual capacity but solely in its capacity as
OWNER TRUSTEE, UMB BANK, N.A., not in
its individual capacity but solely in its capacity
as OWNER TRUSTEE,

        Plaintiff,

v.

FRONTIER AIRLINES, INC.,

        Defendant.

Case No.: 1:23-cv-4774 (PAE)
[rel. 1:22-cv-02943 (PAE)]

## STIPULATED PROTECTIVE ORDER AND
## CONFIDENTIALITY AGREEMENT

**WHEREAS**, the parties to the above-captioned action (the "Litigation") will engage in discovery proceedings, which may include, among other things, responding to written discovery requests and taking depositions; and

**WHEREAS,** certain parties to the Litigation are also parties to the action captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, Case No. 22-cv-02943 (PAE) (the "Related Litigation"); and

**WHEREAS**, discovery in this Litigation is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted; and

**WHEREAS**, each party seeks to avoid undue harm by preventing disclosure of sensitive

proprietary or confidential information to the public or to other parties; and

**WHEREAS**, each party seeks to avoid the need for seriatim motions to the Court for protective orders covering specifically identified materials;

**IT IS HEREBY STIPULATED AND AGREED**, by the parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulated Protective Order and Confidentiality Agreement (the "Order" or "Protective Order") will govern, without limitation, the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for admissions, and responses to requests for documents and electronically stored information, and any other information or material produced, given or exchanged, whether voluntarily, as required by the Federal Rules of Civil Procedure, or in response to a request made pursuant to such Rules, including any information contained therein or derived therefrom ("Discovery Material"), by or among any party or nonparty providing Discovery Material in this Litigation.

Any party for good cause shown may apply to the Court for modification of this Order. The Court reserves its inherent power to modify the terms of this Order and permit the disclosure of information where the interest of justice so requires. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## DEFINITIONS

1.      "Confidential" information shall mean (i) any information that has not been made generally available to the public and the disclosure of which the designating party or nonparty contends would cause material harm or a competitive disadvantage to the designating party's

business operations or their personal, business, or privacy interests; (ii) data derived from such Confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (iii) any other oral, written, or recorded material that consists of or contains trade secrets. The term and designation "Confidential" shall be applied to any Discovery Material that the designating party believes in good faith meets such requirements. Notwithstanding the foregoing, by agreeing to be bound by this Order, unless otherwise agreed elsewhere, no party or nonparty waives the right to challenge any designating party's designation of any Discovery Material as "Confidential."

2.      "Highly Confidential – Attorneys' Eyes Only" information shall mean any information that, in addition to satisfying the requirements set forth in Paragraph 1 above, the designating party or nonparty believes in good faith includes highly confidential business information, the disclosure of which to another party or nonparty could cause significant competitive injury to the designating party. The term and designation "Highly Confidential – Attorneys' Eyes Only" shall be applied to any Discovery Material that the designating party believes in good faith meets such requirements. Notwithstanding the foregoing, by agreeing to be bound by this Order, unless otherwise agreed elsewhere, no party or nonparty waives the right to challenge any designating party's designation of any Discovery Material as "Highly Confidential – Attorneys' Eyes Only."

## SCOPE AND LIMITATION

3.      The protections conferred by this Protective Order cover not only Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," but also (1) any information copied or extracted from such information; (2) all copies, excerpts, summaries, or compilations of such information; and (3) any testimony, conversations, or presentations by

parties or their counsel that might reveal such information (together, "Protected Material").

4.    The parties acknowledge that the confidentiality provisions of this Protective Order do not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords from disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles and factual circumstances.

## DESIGNATING PROTECTED MATERIAL

5.    Each party or nonparty that designates Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a designating party's attention that Discovery Material that it designated for protection does not qualify for such protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced. The designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be made in the following manner:

a.    In the case of documents or other materials (apart from depositions or other pre-trial testimony), the designating party must affix the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page of a document that contains Confidential or Highly Confidential – Attorneys' Eyes Only information.

b.    In the case of testimony given in deposition or in other pre-trial proceedings, (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony (without prejudice to any party's right to so designate other

- 4 -

testimony after reviewing the transcript); or (ii) by written notice, sent to all parties within fifteen (15) days after receiving the final, certified transcript of the deposition or other pre-trial proceeding, designate other portions of the transcript, or exhibits thereto, as confidential. If a party or nonparty desires to protect Confidential or Highly Confidential – Attorneys' Eyes Only information at trial, the issue should be addressed during the pre-trial conference.

        c.     In the case of other tangible items, the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

7.     An inadvertent failure to designate qualified Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only does not waive the designating party's right to secure protection under this Order for such material. The receiving party or its counsel shall not disclose such Discovery Material if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.     Any party or nonparty may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.     The parties must attempt to resolve any dispute regarding confidentiality designations without court involvement.  Any motion regarding confidentiality designations or motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

10.     If the parties are unable to resolve the matter informally, they shall jointly contact the appropriate judge's chambers for approval prior to filing any written motion relating to this Protective Order.  If the Court determines that the issue requires the formal filing of a motion and briefing, only then may a party file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the Discovery Material in dispute. Regardless of which party files the motion, the party seeking to protect Discovery Material from disclosure bears the burden of establishing good cause for why the Discovery Material should not be disclosed.  A party that disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

### ACCESS TO AND USE OF DISCOVERY MATERIAL

11.     All Discovery Material shall be used only in the above-captioned Litigation and the Related Litigation.[1]  Any receiving party may use Discovery Material that is disclosed or produced by another party or nonparty in connection with this Litigation only for prosecuting, defending, or

---

[1] By agreeing that Discovery Material produced in the above-captioned Litigation may be used in the Related Litigation, the Parties are not conceding that the Discovery Material is relevant to the Related Litigation, and all objections regarding the admissibility of such Discovery Material in the Related Litigation are preserved.

attempting to settle this Litigation or the Related Litigation, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. No person who examines any Protected Material shall disseminate orally, or by any other means, any such Protected Material other than as permitted by this Order. Protected Material must be stored and maintained by a receiving party's counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

12.    Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Discovery Material marked "Confidential" only to:

a.    The receiving party's counsel of record in this Litigation, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this Litigation;

b.    The officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this Litigation;

c.    Experts and consultants to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgement and Agreement to Be Bound" set forth in Exhibit A;

d.    The Court, court personnel, and court reporters and their staff; mediators retained by the parties and their staff;

e.    Discovery, copy, or imaging services retained by counsel to assist in the collection, review, production, or duplication of Confidential information, provided that counsel for the party retaining such service instructs the service not to disclose any Confidential

information to third parties and that such services agree to, upon request, promptly return all originals and copies of any Confidential information;

      f.     During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" forth in Exhibit A, unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

      g.     The author or recipient of a document containing the Confidential information or a custodian or other person who otherwise possessed or knew the Confidential information.

13.     Use of any Discovery Material marked "Highly Confidential - Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 12(a), 12(c), 12(d), 12(e), 12(f) (only in the event where the deponent is being questioned about his or her company's own document), and 12(g), unless additional persons are stipulated by counsel or authorized by the Court.

14.     If portions of Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or any papers containing or making reference to such material, are filed with the Court, they shall be filed under seal in accordance with the Court's Individual Practices, the Court's standing order, 1:19-mc-00583, and ECF Rules & Instructions, section 6. If a party is filing any Discovery Material that it has itself designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that party shall reference this Order in submitting the Discovery Material it proposes to maintain under seal. If a non-designating party

is filing a document that another party has designated as "Confidential" or "Highly Confidential –
Attorneys' Eyes Only," then the non-designating party shall file the document under seal.  If the
non-designating party makes a request in writing to have the document unsealed and the
designating party does not file, within ten (10) calendar days, a motion that shows good cause to
maintain the document under seal, then the Court shall unseal the document.  Before seeking to
maintain the protection of documents filed with the Court, a party must assess whether redaction
is a viable alternative to complete nondisclosure.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

15.     If a party is served with a subpoena or a court order issued in other litigation, or a
request for information from a prudential regulator that compels disclosure of any Discovery
Material designated in this Litigation as "Confidential" or "Highly Confidential – Attorneys' Eyes
Only," that party must:

a.     Promptly notify the designating party in writing and include a copy of the
subpoena or court order;

b.     Promptly notify in writing the party who caused the subpoena or order to
issue in the other litigation that some or all of the material covered by the subpoena or order is
subject to this Order.  Such notification shall include a copy of this Order; and

c.     Provided the designating party responds within seven days to notice
provided pursuant to paragraph 15(a), cooperate with respect to all reasonable procedures sought
to be pursued by the designating party whose Protected Material may be affected.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed
Protected Material to any person or in any circumstance not authorized under this Order, the

receiving party must promptly (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

17.    This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18.    Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

19.    The inadvertent production of information protected by the attorney-client privilege or the work product doctrine is not a waiver in this Litigation or in any other federal, state, or arbitration proceeding.  After receiving notice of an inadvertent production from the producing party, the receiving party shall promptly return the specified information and any copies in its possession, custody, or control, treat that inadvertent production as if it were privileged, not use the inadvertent production in any public filings, and make no further use of or disclose the information.

## NON-TERMINATION AND RETURN OF DOCUMENTS

20.    The terms, obligations and disclosure limitations contained within this Protective Order shall survive the termination of this Litigation.  Within 60 days after the termination of this Litigation, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, all such materials may be destroyed, with written certification of destruction or deletion provided to the

producing party upon request. Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, Discovery Material, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only information. The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential or Highly Confidential – Attorneys' Eyes Only information, or other modifications, subject to order by the Court.

    **IT IS SO STIPULATED.**

Dated:  October 5, 2023
       New York, New York

**MILBANK LLP**

/s/ *Jed M. Schwartz*

Jed M. Schwartz
Samantha A. Lovin
Emily Werkmann
55 Hudson Yards
New York, New York 10001
Tel: (212) 530-5000
JSchwartz@milbank.com
SLovin@milbank.com
EWerkmann@milbank.com

*Counsel for Plaintiffs*

**BINDER & SCHWARTZ LLP**

/s/ *Eric B. Fisher*

Eric B. Fisher
Tessa B. Harvey
675 Third Avenue, 26th Floor
New York, New York 10017
Tel: (212) 510-7008
Email: efisher@binderschwartz.com
Email: tharvey@binderschwartz.com

**LANE POWELL PC**

David Schoeggl (*pro hac vice forthcoming*)
601 S.W. Second Avenue
Suite 2100
Portland, Oregon 97204
Tel: (503) 778-2100
Email: schoeggld@lanepowell.com

*Counsel for Defendant*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and Confidentiality Agreement, and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order and Confidentiality Agreement in this action.

**IT IS SO ORDERED.**

_____
HON. PAUL A. ENGELMAYER
United States District Judge

Dated: October 6, 2023
       New York, New York

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____[print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the terms of the above Stipulated Protective

Order and Confidentiality Agreement (the "Protective Order") entered on _____, 2023, in

*Carlyle Aviation Management Limited, et al., v. Frontier Airlines Inc.*, Case No.: 1:23-cv-4774

(PAE) (S.D.N.Y).  I agree to comply with and to be bound by all the terms of this Protective Order.

I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents or copies of documents designated "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents

of such documents, to any person other than those specifically authorized by the Protective Order.

I shall not copy or use such documents except for the purposes of this Litigation and pursuant to

the terms of the Protective Order.


Date: _____

Printed name: _____

Signature: _____