UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.à r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE,<br><br>        Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.<br><br>        Defendant. | Case No.: 1:23-cv-04774 (PAE) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL ALLEGATIONS ....................................................................................................... 2

I.  Background of Claims in Initial Complaint ...................................................................... 2

    A.  The Leases and Cooperation Agreement. ............................................................. 2

    B.  Sales/Financing Transactions ................................................................................ 3

II. Background of Supplemental Allegations ........................................................................ 3

    A.  Defendant's Ongoing Failure to Cooperate .......................................................... 3

    B.  Plaintiffs' Damages For Loss of Sales/Profits From the Thwarted
        Sales/Financing Transactions ................................................................................ 4

ARGUMENT ................................................................................................................................. 4

I.  The Supplemental Complaint Easily Meets The Permissive Standard of FRCP
    15(d). .................................................................................................................................. 4

    A.  The Facts Alleged in the Supplemental Complaint Concern Events
        Subsequent to and in Connection with Those Alleged in the Complaint. .............. 6

    B.  Defendant Cannot Meet its Burden to Show that Leave Should Not Be
        Granted. .................................................................................................................. 6

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*,
    No. 12 Civ. 5160, 2013 WL 4526246 (S.D.N.Y. Aug. 27, 2013) ............................................9

*Agerbrink v. Model Serv. LLC*,
    155 F. Supp. 3d 448 (S.D.N.Y. 2016)...................................................................................7

*Aktiebolag v. Andrx Pharms., Inc.*,
    695 F. Supp. 2d 21 (S.D.N.Y. 2010).............................................................................5, 9, 10

*Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*,
    No. 15 Civ. 10033, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017) ...........................................5

*Casio Comput. Co., Ltd. v. Sayo*,
    No. 98 Civ.3772 (WK), 1999 WL 395386 (S.D.N.Y. June 15, 1999) ......................................8

*Chen-Oster v. Goldman, Sachs & Co.*,
    251 F. Supp. 3d 579 (S.D.N.Y. 2017).................................................................................8, 9

*NCUAB v. HSBC Bank US*,
    331 F.R.D. 63 (S.D.N.Y. 2019) ............................................................................................5

*Quaratino v. Tiffany & Co.*,
    71 F.3d 58 (2d Cir. 1995)..........................................................................................5, 7, 10

*Schoolcraft v. City of New York*,
    81 F. Supp. 3d 295 (S.D.N.Y. Jan. 16, 2015) ........................................................................7

*Shi-Hsin Chang v. Phx. Satellite Television (U.S.), Inc.*,
    No. 14-cv-2686, 2014 WL 5017838 (S.D.N.Y. Sept. 22, 2014) ..........................................7, 8

*Sweigert v. Goodman*,
    1:18-cv-08653, 2020 WL 8918876 (S.D.N.Y. Oct. 8, 2020) ...................................................5

*Valentini v. Citigroup, Inc.*,
    No. 11 Civ. 1355, 2013 WL 4407065 (S.D.N.Y. Aug. 16, 2013) ...........................................9

**Other Authorities**

Fed. R. Civ. Proc. 15(d) ................................................................................................... *passim*

Plaintiffs Carlyle Aviation Management Limited ("CAML"), Accipiter Investments Aircraft 4 Limited ("Accipiter"), Vermillion Aviation (Two) Limited ("Vermillion"), Accipiter Holdings DAC ("Accipiter Holdings"), Maverick Aviation Holdings Ltd. ("Maverick"), Manchester Aviation Finance S.à r.l. ("Manchester"), UMB Bank, N.A., not in its individual capacity but solely in its capacity as Owner Trustee ("UMB Trustee"), and Wells Fargo Trust Company, N.A., not in its individual capacity but solely in its capacity as Owner Trustee ("WF Trustee") (collectively, "Plaintiffs"), submit this Memorandum of Law in support of their Motion for Leave to File a Supplemental Complaint (the "Motion") pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs initiated this litigation in May 2023, after Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier") continuously breached the Leases and Cooperation Agreement over a span of many months by failing to cooperate in good faith with Plaintiffs in effectuating the Lease Administration Activities.[1] Frontier breached these agreements by baselessly delaying their consent for certain sales and refinancings that Frontier was obligated to sign and CAML was obligated to effectuate in its role as Servicer of the Leases. Such sales and refinancings would benefit all parties, and would not have impacted Frontier's use or enjoyment of the aircraft, because they would have provided the financing for customary and ongoing maintenance of the aircraft, among other services. Plaintiffs initially alleged that these sales and refinancings were likely to fall through due to Frontier's unreasonable conduct. Since the filing of the Complaint, that unfortunately has come to pass with respect to the sales in addition to the refinancings being

---

[1] Capitalized terms not defined herein will adopt definitions found in Plaintiffs' Complaint or the proposed supplemental complaint ("Supplemental Complaint" or "Suppl. Compl."), attached as **Exhibit 1** to the Declaration of Jed M. Schwartz filed contemporaneously herewith.

1

significantly delayed, harming Plaintiffs. Therefore, pursuant to FRCP 15(d), Plaintiffs seek to supplement the Complaint with new factual allegations that occurred after filing of the Complaint in May.[2]

## FACTUAL ALLEGATIONS

### I. BACKGROUND OF CLAIMS IN INITIAL COMPLAINT

Plaintiffs brought this action against Frontier for breach of ten separate lease agreements ("Leases") for aircraft leased to Defendant (the "Aircraft") and breach of the Non-Waiver and Preservation of Rights Agreement (the "Cooperation Agreement"). As detailed in Plaintiffs' initial Complaint (ECF No. 1-2) (the "Complaint" or "Compl."), which Plaintiffs incorporate by reference, Frontier unreasonably withheld consent to potential third-party sales/financing transactions of the Aircraft in the ordinary course of business (the "Sales/Financing Transactions").

Plaintiffs now move for leave to supplement their Complaint to address recent developments relating to the Sales/Financing Transactions underlying Plaintiffs' claims.

#### A.   The Leases and Cooperation Agreement.

As detailed in Plaintiffs' Complaint, the Lease for each Aircraft requires Frontier to cooperate with certain Plaintiffs on a range of different activities—including with respect to the security and lease assignments needed to effectuate a transfer of the Aircraft. (Compl. ¶ 3; Lease Form 1 § 20.2.) Additionally, at Frontier's request, Plaintiffs and Frontier entered into the Cooperation Agreement to ensure ongoing cooperation between the parties during pending litigation.[3] This Cooperation Agreement obligates the parties to "continue to cooperate in good

---

[2] Plaintiffs notified Frontier during the parties' October 25, 2023 meet and confer that they would be seeking to file a proposed supplemental complaint.

[3] Plaintiffs and Frontier are currently parties to *Frontier Airlines, Inc. v. AMCK Aviation Holdings*, No. 20-cv-09713-LLS, filed by Frontier on November 18, 2020 (the "2020 Litigation"), and

2

faith regarding" certain specified matters, which the agreement defines as "Lease Administration Activities." (Compl. ¶¶ 48-52.)

**B.     Sales/Financing Transactions**

In November 2022, Plaintiffs requested that Frontier consent to a security assignment for each of the Aircraft and lease assignments for certain of the Aircraft. These security and lease assignments have no impact on Frontier's operations or interest in the Aircraft. They simply make it possible for certain Plaintiffs to sell or refinance the relevant Aircraft. Consents to such assignments are typically granted as a matter of ordinary course in order to facilitate the widespread financing of the airline industry.

Also in November 2022, CAML notified Frontier that certain Plaintiffs had secured binding contracts to sell four of the Aircraft to third party purchasers. After providing notice of the sales, CAML followed up with Frontier on multiple occasions over a span of six months about its request for Frontier's consent to the security and lease assignment notices. As Plaintiffs have alleged in their Complaint, Frontier's unreasonable demands and refusals to cooperate—in blatant disregard of their contractual obligations to do so under the Leases and Cooperation Agreement— have prevented Plaintiffs from selling four Aircraft and significantly impeded the refinancing six Aircraft and have damaged Plaintiffs.

**II.    BACKGROUND OF SUPPLEMENTAL ALLEGATIONS**

**A.     Defendant's Ongoing Failure to Cooperate**

The initial contracted deadline for the sale of the four Aircraft to third party purchasers was April 30, 2023. (Suppl. Compl. ¶ 99.) However, due to Frontier's constant stall tactics and

---

*Frontier Airlines, Inc. v. AMCK Aviation Holdings*, No. 22-cv-02943-PAE, filed by Frontier on April 8, 2022 (the "2022 Litigation") (together, the "SDNY Litigations").

unreasonable demands in refusing to consent to the Sales/Financings Transactions, *e.g.*, asking for a guaranty that would secure its potential, future interest in a completely separate litigation, to which it was not entitled, certain Plaintiffs were forced to obtain an extension of the deadline to complete the sales until July 31, 2023. (*Id.* ¶ 100.) Obtaining the extension required Plaintiffs to reduce the price they would receive in connection with a sale of a separate portfolio of aircraft, damaging Plaintiffs. (*Id.*)

In July 2023, Plaintiffs' counsel requested Frontier's sign off on certain third-party documentation for the sale of the Aircraft on at least four different occasions—July 18, July 21, July 28, and July 31, 2023. As of July 31, 2023, Frontier still refused to provide Plaintiffs with the executed documents that they needed to complete the sale of the four Aircraft. (*Id.* ¶ 101.) As a result, Plaintiffs were unable to close on the sale of those four Aircraft and therefore lost such sales. (*Id.*)

### B. Plaintiffs' Damages for Loss of Sales/Profits From the Thwarted Sales/Financing Transactions

Frontier's continued unwillingness to cooperate despite being contractually obligated to do so, coupled with its baseless demands, has caused Plaintiffs to suffer further damages since filing the Complaint. Frontier's actions impeded the Sales/Financing Transactions, and certain Plaintiffs ***ultimately lost*** the sale of the four Aircraft. (*Id.* ¶ 102.)

Frontier's tactics have also significantly delayed the closing of several refinancings of six aircraft and such tactics have caused Plaintiffs to incur certain expenses. (*Id.* ¶ 103.)

## ARGUMENT

### I. THE SUPPLEMENTAL COMPLAINT EASILY MEETS THE PERMISSIVE STANDARD OF FRCP 15(D).

Plaintiffs' proposed Supplemental Complaint is precisely the type of supplemental pleading contemplated by Rule 15(d) of the Federal Rules of Civil Procedure. Under Rule 15(d),

4

a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). "A supplemental pleading may . . . be used to add additional facts or events relating to liability or to change the relief requested" and "the same principles that support the liberal amendment of pleadings also apply to supplemental pleadings." *Aktiebolag v. Andrx Pharms., Inc.*, 695 F. Supp. 2d 21, 25 (S.D.N.Y. 2010).[4] Although supplemental pleadings are distinct from amended pleadings, "[t]he legal standards applied to a motion pursuant to Rule 15(d) are no different than those applied to a motion for leave to amend pursuant to Rule 15(a)." *Sweigert v. Goodman*, 1:18-cv-08653, 2020 WL 8918876, at *2 (S.D.N.Y. Oct. 8, 2020); *NCUAB v. HSBC Bank US*, 331 F.R.D. 63, 69 (S.D.N.Y. 2019) (citing cases).

Leave to file a supplemental pleading should be freely granted (i) "when the supplemental facts connect it to the original pleading," and (ii) there is no "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Aktiebolag*, 695 F. Supp. 2d at 25 (granting leave to file a second supplemental complaint where plaintiff alleged additional facts supporting its damages for defendant's patent infringement that occurred after the initial complaint was filed). "Leave is normally granted, especially when the opposing party is not prejudiced by the supplemental pleading." *Aktiebolag*, 695 F. Supp. 2d at 25.

Importantly, the party opposing the supplemental pleading bears the burden of demonstrating why leave should not freely be granted. *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, No. 15 Civ. 10033, 2017 WL 3610511, at *13

---

[4] Unless otherwise stated, internal quotation marks and citations are omitted.

(S.D.N.Y. Aug. 21, 2017). Therefore, it is Frontier's burden to show why this Court should not permit Plaintiffs to file the proposed supplemental complaint. For the reasons described below, if Frontier objects to this Motion, it will fail to meet its burden.

### A. The Facts Alleged in the Supplemental Complaint Concern Events Subsequent to and in Connection with Those Alleged in the Complaint.

Plaintiffs' proposed Supplemental Complaint concerns events that occurred *after* the filing of the Complaint on May 26, 2023, in the Supreme Court of New York. Frontier removed the case to this Court on June 6, 2023. The new facts alleged in the Supplemental Complaint concern additional damages associated with the lost sales of four Aircraft to third parties and stalled refinancings of six Aircraft due to Frontier's ongoing breaches of the Leases and Cooperation Agreement. (Suppl. Compl. ¶¶ 97-103.) The Aircraft sales were lost on July 31, 2023, over one month after the Complaint was filed. (*Id*. ¶¶ 102-103) The Complaint alleges the delay of, and the possibility of losing, the sales and refinancings of the Aircraft. That possibility has now become a reality because the sales of four aircraft fell through and the refinancings of six aircraft have been further delayed, thanks to Frontier's inaction. (*See* Suppl. Compl. ¶¶ 101-103.) Accordingly, with their Supplemental Complaint, Plaintiffs seek to augment their existing factual allegations with further details showing that the sales were indeed lost and refinancings significantly delayed as a result of Frontier's breaches.

Therefore, the Motion is appropriately brought under Rule 15(d) and should be granted.

### B. Defendant Cannot Meet its Burden to Show that Leave Should Not Be Granted.

Courts consider the following factors in assessing whether to grant leave to file a supplemental complaint: (i) whether plaintiffs have acted in bad faith in moving for leave to file a supplemental complaint, (ii) whether undue prejudice will occur if leave is granted, (iii) any undue

delay by the party seeking leave, and (iv) futility of the amendment. *See Quaratino*, 71 F.3d at 66. None counsel in favor of denying leave.

### i. *Plaintiffs Are Seeking Leave to Supplement in Good Faith.*

There can be no claim of bad faith here. Plaintiffs are simply moving to file the Supplemental Complaint to ensure that there is no question that some of the facts that are most pertinent to their claims are properly before the Court in this action.

### ii. *Granting Leave to File a Supplemental Complaint Will Not Unduly Prejudice Defendant.*

Granting Plaintiffs leave to file the proposed Supplemental Complaint will also not unduly prejudice Frontier. In determining whether a proposed amendment would prejudice the non-moving party, courts consider whether the new aspects of the proposed pleading would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "(ii) significantly delay the resolution of the dispute." *Shi-Hsin Chang v. Phx. Satellite Television (U.S.), Inc.*, No. 14-cv-2686, 2014 WL 5017838, at *9 (S.D.N.Y. Sept. 22, 2014)[5]; *see Schoolcraft v. City of New York*, 81 F. Supp. 3d 295, 299 (S.D.N.Y. Jan. 16, 2015); *see also Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (finding no undue prejudice despite the need to undertake additional discovery, which was still ongoing, where neither summary judgment briefing nor a trial date had been scheduled).

Plaintiffs' Supplemental Complaint will not prejudice Frontier because it does not introduce new claims or legal theories—it merely introduces new factual allegations in support of

---

[5] The third factor courts consider in determining whether a new claim would prejudice the non-moving party—whether the plaintiff would be prevented from bringing a timely action in another jurisdiction—applies when a defendant is moving to amend or supplement its answer or counterclaims. This factor is not applicable to this Motion. *Shi-Hsin Chang*, 2014 WL 5017838, at *9.

7

Plaintiffs' existing claims that have already been asserted in the Complaint, which Frontier did not move to dismiss. *See, e.g.*, *Casio Comput. Co., Ltd. v. Sayo*, No. 98 Civ.3772 (WK)(RLE), 1999 WL 395386, at *2 (S.D.N.Y. June 15, 1999). Plaintiffs' Supplemental Complaint would not require Frontier to expend significant additional resources to conduct discovery and prepare for trial, as discovery is still ongoing. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 593 (S.D.N.Y. 2017) (finding the supplemental pleading would not cause undue prejudice where discovery had not yet taken place); *Casio Comput. Co., Ltd.*, 1999 WL 395386, at *3 (holding there was no undue prejudice or significant delay by plaintiff's efforts to amend the complaint, reasoning in part that "[t]he parties have conducted very little discovery.") The parties exchanged Initial Disclosures on August 10, 2023, and are still in the early stages of discovery. Given that and the narrow scope of the Supplemental Complaint, Frontier would be unlikely to incur significant expenses as a result of supplemental pleadings that it would not already incur during the ordinary course of litigation. *Shi-Hsin Chang*, 2014 WL 5017838, at *9 (holding that defendant would not be unduly prejudiced in responding to additional claims where discovery was ongoing and defendant would simply need to expend additional time and money ordinarily incurred in litigation).

### iii.    There is No Undue Delay or Dilatory Tactics.[6]

Additionally, Plaintiffs have not engaged in any dilatory tactics in seeking leave to file the proposed Supplemental Complaint, nor have they unduly delayed seeking leave to file. At the time the Complaint was filed five months ago, the additional facts regarding lost sales and delayed refinancings of the Aircraft had not yet occurred. These further damages were incurred and

---

[6] While the deadline for amending pleadings has passed pursuant to the Civil Case Management Plan and Scheduling Order (ECF No. 21) (the "Scheduling Order"), the Scheduling Order does not include a deadline for the filing of supplemental pleadings.

8

realized almost two months after the filing of the Complaint.  See *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*, No. 12 Civ. 5160, 2013 WL 4526246, at *4 (S.D.N.Y. Aug. 27, 2013) (finding that there was no undue delay in requesting a leave to amend after nine months of filing the initial complaint); *Valentini v. Citigroup, Inc.*, No. 11 Civ. 1355, 2013 WL 4407065, at *7 (S.D.N.Y. Aug. 16, 2013) (holding that an eighteen month delay is "insufficient ground to warrant denial" for a motion to amend).  Moreover, Plaintiffs' Supplemental Complaint alleges only new facts, not new claims, so they are not time-barred. *Aktiebolag*, 695 F. Supp. 2d at 27-28 ("Because the Court agrees with [plaintiff] that the proposed supplemental allegations do not impose new claims, they are not time-barred.")

And because Plaintiffs have brought the instant motion in good faith and granting leave to file the supplemental complaint will not unduly prejudice Frontier, any purported delay, without more, is wholly insufficient to justify denying leave to supplement the Complaint.  *See Aktiebolag*, 695 F. Supp. 2d at 30 ("Mere delay [] absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.").

### iv.     The Supplemental Complaint is Not Futile.

Frontier cannot demonstrate that the Supplemental Complaint would be futile.  A supplemental pleading is futile when "the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Chen-Oster*, 251 F. Supp. at 593 (S.D.N.Y. 2017); *see also Aktiebolag*, 695 F. Supp. 2d at 29-30 (concluding supplementation was not futile where plaintiff's new factual allegations lent support to Plaintiffs' existing claims).

Here, the proposed Supplemental Complaint does not assert any new claims, but rather introduces new facts further demonstrating the continued consequences of Frontier's actions.  Notably, Frontier did not move to dismiss the claims in the original Complaint.  Thus, Frontier has conceded Plaintiffs' claims as pleaded are not futile.  And even if Frontier were now to contend

9

that Plaintiffs' claims are futile, determining the merits of factual allegations on a motion for leave to file a supplemental complaint is not appropriate and "must await resolution on a future dispositive motion." *Aktiebolag*, 695 F. Supp. 2d at 29-30; *see Quaratino*, 71 F.3d at 66.

Therefore, the Supplemental Complaint is not futile and Plaintiffs' Motion should be granted.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for leave to file the Supplemental Complaint should be granted.

Dated:  November 9, 2023
       New York, New York

MILBANK LLP

/s/ *Jed M. Schwartz*
Jed M. Schwartz
Samantha A. Lovin
Emily Werkmann
55 Hudson Yards
New York, New York 10001
Tel: (212) 530-5000
JSchwartz@milbank.com
SLovin@milbank.com
EWerkmann@milbank.com

*Counsel for Plaintiffs*

10