

# Milbank

## JED M. SCHWARTZ
*Partner*

55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5283
JSchwartz@milbank.com  |  milbank.com

November 10, 2023

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

      Re:    *Carlyle Aviation Management Limited, et al. v. Frontier Airlines, Inc.*, No. 1:23-cv-04774 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

We are the attorneys for Plaintiffs in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule 2.C, Plaintiffs write to respectfully request an informal conference with the Court to discuss certain discovery disputes regarding several of Frontier Airlines, Inc.'s ("Frontier" or "Defendant") Responses and Objections to Plaintiffs' Requests First Requests for Production of Documents. The parties met and conferred on Monday, October 30, 2023, but were unable to resolve these disputes. Plaintiffs requested further information on Frontier's position by Thursday, November 2. But, as of the date hereof, Frontier has not provided any substantive response.

## I.    Electronically Stored Information

Frontier categorically objects to collecting any form of Electronically Stored Information ("ESI") on the ground that collecting ESI is not proportional to Frontier's view of Plaintiffs' damages and is therefore disproportionate in light of the needs of the case. Plaintiffs have alleged damages in the tens of millions of dollars. That Frontier disagrees with Plaintiffs' claimed damages puts the cart before the horse. Frontier's unilateral view of Plaintiffs' damages is not a basis on which to refuse to produce even the most basic ESI. *See Brown v. Barnes and Noble, Inc.*, 474 F.Supp.3d 637, 646 n.5 (S.D.N.Y. 2019) (internal citation omitted) ("A producing party generally has an obligation to collect and review ESI pursuant to its own search protocol (that is, prior to reaching a negotiated ESI protocol) and to provide the requesting party with the names of custodians whose ESI was searched, date ranges for the searches, and any search terms applied.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Such information is properly included in written responses to document requests pursuant to Rule 34's specificity requirements."). Frontier's position is even more unreasonable given that it has asserted counterclaims in this action (although, for the reasons explained in Plaintiffs' motion to dismiss, those counterclaims should be dismissed).

## II.    Documents and Communications Concerning the Sale/Financing Transactions

Frontier's unreasonable position extends to its responses to specific document requests that Plaintiffs have made.[1]  Plaintiffs' Requests Nos. 5, 6, 7, and 9 all seek documents and communications concerning the sales and financing transactions that are at the heart of Plaintiffs' claims (the "Sale/Financing Transactions"), including any communications with third parties relating to the Sale/Financing Transactions, all documents and communications concerning the relevant transaction documents, and all documents or communications concerning the guaranty that was the subject of much back-and-forth between the parties, including the negotiation thereof.

Frontier refuses to collect any of the documents and communications sought by these Requests because it asserts, without collecting or reviewing any documents, that all relevant documents are likely to be privileged.  Frontier takes the position that it is too burdensome to collect such documents and communications, review them, and produce a privilege log.  Moreover, Frontier makes the blanket claim that it does not have any responsive documents or communications with third parties, but does not appear to have taken any affirmative steps—such as conducting targeted searches through ESI or collecting and reviewing documents—to confirm the accuracy of that statement.

An assertion that information is "likely to be privileged" does not absolve a party from conducting a reasonable search for such documents and communications.  Rather, Federal Rule 26(b)(5) requires that when a party "withholds information *otherwise discoverable* by claiming that the information is privileged" it must "expressly make the claim" and provide a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5) (emphasis added).  Local Civil Rule 26.2 further provides that privilege log information be "furnished in writing at the time of the response to such discovery or disclosure."

Plaintiffs understand that Frontier has not conducted any searches or collected documents to verify whether the documents and communications sought under these Requests are privileged in whole or in part.  Or, if it has conducted any such investigation, Frontier failed to provide any information as to its search protocol, the individuals whose documents and communications it is collecting and searching, what types of communications it claims are privileged, and how that meets the burden of a reasonable search under Rule 26(b)(5).  Frontier asserts that producing a privilege log would be overly burdensome.  However, Plaintiffs have explained that they are amenable to alternative approaches to logging privileged documents, *e.g.*, a categorical approach. As to third-party communications, Frontier is not in a position to confirm whether or not it has such documents when it has not even done a basic search for such documents.

---

[1] A copy of Frontier's responses and objections is attached as **Exhibit 1** to this letter.

### III.    Documents and Communications Concerning Frontier's Claimed Damages in Litigation 1

In contrast with its overall reticence to produce documents responsive to Plaintiffs' Requests, Frontier initially took the position that, in response to Plaintiffs' Request No. 15 seeking documents sufficient to show its claimed damages in the action captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd., et al.*, No. 1-20-cv-9713 (LLS) (S.D.N.Y.) ("Litigation 1"), it would do a "document dump" in the form of simply reproducing all of its document productions in Litigation 1, which would force Plaintiffs to cull through those productions for relevant material.  Plaintiffs offered a potential compromise of having Frontier produce its expert report regarding its claimed damages in Litigation 1 and the documents upon which it was based. Frontier has refused to do so.

Frontier's claimed damages are the basis for Frontier's conduct that is the subject of Plaintiffs' claims.  Frontier should be required to produce documents sufficient to show its claimed damages (or be precluded from arguing that it has any such damages).

### IV.    Documents and Communications Concerning the Leases

Plaintiffs' Request No. 1 seeks documents and communications concerning the Leases, including the negotiation thereof.  Frontier refused to produce responsive documents, asserting both burden objections and that the Leases are not ambiguous.  During the meet-and-confer, Plaintiffs pointed out that it is common in litigation for both sides to agree that a document is unambiguous, but disagree as to its meaning, which is likely the case here regarding the cooperation provisions that Plaintiffs allege Frontier breached.  In an effort to compromise, Plaintiffs stated that they were willing to narrow this request to the provisions of the Leases that state Frontier's cooperation obligations.  Frontier committed to investigating whether it would, in its opinion, be feasible and/or not unduly burdensome to produce documents and communications responsive to Request No. 1 as narrowed by Plaintiffs.  To date, Frontier has not provided a substantive response.

For the foregoing reasons, we respectfully request an informal conference before the Court.

Respectfully submitted,


*/s/      Jed M. Schwartz*

Jed M. Schwartz

cc: All Counsel of record (via ECF)