# **<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.a.r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | Case No. 1:23-cv-04774 (PAE)<br>[rel. 1:22-cv-02943 (PAE)] |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Frontier Airlines Inc. ("Frontier"), by and through undersigned counsel, hereby responds and objects as follows to Plaintiffs' Carlyle Aviation Management Limited, Accipiter Investments Aircraft 4 Limited, Vermillion Aviation (Two) Limited, Accipiter Holdings DAC, Maverick Aviation Holdings Ltd., Manchester Aviation Finance S.a.r.l., Wells Fargo Trust Company, N.A., not in its individual capacity but solely in its capacity as Owner Trustee, UMB Bank, N.A., not in its individual capacity but solely in its capacity as Owner Trustee (collectively "Plaintiffs") First Set of

Requests for Production of Documents, dated August 18, 2023 (the "Requests" and each a "Request").

## **INTRODUCTION**

1. Defendant's responses to the Requests are subject to all objections as to competence, relevance, materiality, admissibility, ambiguity, authenticity, vagueness, undue burden, privacy, privilege, propriety, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial.

2. No incidental or implied admissions are intended in these responses. Defendant's responses to all or any part of a Request should not be taken as an admission that: (a) Defendant accepts or admits the existence of any fact(s) set forth or assumed by the Request; (b) Defendant has in its possession, custody, or control any information or documents responsive to the Request; (c) there exists any information or documents responsive to the Request; or (d) Defendant's response constitutes admissible evidence. Defendant's response to all or any part of any Request is not intended to be, and shall not be, a waiver by Defendant of all or any part of its objection(s) to that Request.

3. By responding to the Requests, Defendant does not concede the relevancy, materiality, or admissibility as evidence of any of the documents sought.

4. Defendant has no obligation or duty, and will undertake no obligation or duty, to search for, collect or produce information or documents in the possession, custody, or control of any third party.

5. No objection, limitation, response, or lack thereof made herein is intended as a statement by Defendant as to the existence or non-existence of information or documents responsive to the Requests.

6.      Defendant reserves the right to condition the production of documents containing confidential or proprietary information or trade secrets on the Court's issuance of a confidentiality or protective order governing the disclosure of any such information. The production by Defendant of any documents or information is made without waiver of any privilege or protection against disclosure afforded to documents containing confidential or proprietary information or trade secrets.

7.      Defendant has not completed its: (a) investigation of the facts relating to this case; (b) discovery in this action; or (c) preparation for summary judgment and/or trial. The following responses are based upon information known to Defendant at this time. Defendant reserves the right to make use of, or to introduce at any deposition, hearing and/or trial, information or documents responsive to a Request but discovered subsequent to the date of service of Defendant's responses and objections to the Requests, including, without limitation, any documents obtained in discovery.

8.      Defendant reserves all objections as to the competence, relevance, materiality, or admissibility of evidence at any hearing or trial in this or any other action or proceeding for any purpose whatsoever of any document or information produced in response to the Requests.

9.      Defendant reserves its right to revise, correct, supplement, or clarify any objections or responses set forth herein and to raise any additional objections at a later time. Defendant further reserves the right to object on any ground at any time to such other or supplemental discovery demand as Plaintiff may at any time propound.

## **GENERAL OBJECTIONS**

Defendant generally objects to the Requests on the following grounds, each of which is expressly incorporated by reference in the responses to the individual requests below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent they impose obligations and burdens upon Defendants broader than and/or inconsistent with those required by the Federal Rules, the Local Rules, and/or any other applicable statutes, rules or laws. Subject to and without waiver of any of the General Objections, in responding to the Requests, Defendant will construe the Requests consistently with these statutes, rules and laws.

2. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent they seek information or documents beyond the scope of permissible discovery.

3. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek or require the disclosure of information or documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, or immunity. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege. Inadvertent disclosure of any such information or documents is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection, or immunity, in whole or in part. Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other privilege, protection or immunity. To the

extent Defendant provides any information or documents in response to the Requests, Defendant does not waive any privileges, protections or immunities except to the extent expressly stated.

4. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek information or documents shielded from disclosure by a privilege, protection and/or immunity not held by Defendant.

5. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek information or documents that are not within the possession, custody, or control of Defendant.

6. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek information or documents (i) already within the knowledge, possession and/or control of Defendant, or (ii) publicly available or obtainable from some other source that is more convenient, less burdensome, or less costly.

7. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are unduly burdensome and oppressive in that they would require a search for information or documents that would be of little or no benefit with respect to the issues or controversies in this action, such that the value of the information or documents would be far outweighed by the burden of obtaining the information or documents.

8. Defendant objects to the Requests to the extent they are overbroad, vague, and ambiguous.

9. Defendant objects to the Requests, including the Definitions and Instructions set forth therein, to the extent the information sought is unreasonably cumulative, duplicative, or unduly expensive or burdensome.

10. Defendant objects to the Requests to the extent they seek information or documents not relevant to any party's claims or defenses.

11. Defendant objects to the Requests to the extent they are not proportional to the needs of the case.

12. Defendant objects to the Requests to the extent they assume the existence of facts that do not exist or the occurrence of events that did not take place, or otherwise incorporate allegations and assertions that are disputed or erroneous.

13. Defendant object to the Requests to the extent they purport to require Defendant to make any attempt to locate potentially responsive information or documents that extends beyond conducting a reasonable and diligent search for readily accessible files from readily accessible sources where responsive information or documents would be expected to be found.

14. Defendant objects to the definition of "You," and "Your" to the extent they are broader than the definition of defendant provided for in Local Civil Rule 26.3(c)(5).

15. Defendant's objections are provided without prejudice to its right to produce evidence of any subsequently discovered facts or any facts that it may later recall.

16. The failure of Defendant to make a specific objection to a particular Request is not an admission that there exists any responsive information or documents. Likewise, any statement herein that Defendant will provide information or produce documents in response to an individual Request does not mean that Defendant in fact has any responsive information or documents, or that there exists any relevant information or documents. Rather, any statement of this kind reflects the intention of Defendant ,subject to its objections, to conduct a reasonable search for responsive documents and information.

17.     In addition to the foregoing General Objections, Defendant also states the below specific objections. By setting forth such objections, Defendant does not intend to limit or restrict the General Objections set forth above. To the extent Defendant responds to the specific Requests, stated objections are not waived by providing responses.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections, Defendant also states the following specific responses and objections. By setting forth specific responses and objections, Defendant does not limit or restrict the General Objections. Defendant incorporates herein the General Objections, which apply to each and every Request and which are incorporated by reference in each and every response below as if set forth fully therein.

### Request No. 1

**All Documents and Communications concerning the Leases, including the negotiation thereof. This Request is not limited to the Relevant Period.**

### Response to Request No. 1

Defendant objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning the Leases and negotiation thereof. Defendant objects to Request No. 1 to the extent it seeks documents not in the possession, custody, or control of Defendant, and to the extent it seeks documents in the possession, custody, or control of Plaintiffs. Defendant objects to Request No. 1 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding, and not proportional to the needs of the case. The relevant terms of the Leases underlying Plaintiffs' claims are not ambiguous, as held by the Court in its decision in the related case, *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, No. 22-cv-02943 (PAE), Dkt. No. 59. Defendant further

7

objects to Request No. 1 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

**Request No. 2**

**All Documents and Communications concerning the Participation Agreement, including the negotiation thereof. This Request is not limited to the Relevant Period.**

**Response to Request No. 2**

Defendant objects to Request No. 2 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning the Participation Agreement and negotiation thereof. Defendant further objects to Request No. 2 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity. Defendant objects to Request No. 2 to the extent it seeks documents not in the possession, custody, or control of Defendant, and to the extent it seeks documents in the possession, custody, or control of Plaintiffs. Defendant objects to Request No. 2 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding, and not proportional to the needs of the case. The relevant terms of the Participation Agreement underlying Plaintiffs' claims are not ambiguous, as held by the Court in its decision in the related case, *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, No. 22-cv-02943 (PAE), Dkt. No. 59. Defendant further objects to Request No. 2 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

**Request No. 3**

**All Documents and Communications concerning the Cooperation Agreement, including the negotiation thereof.**

**Response to Request No. 3**

Defendant objects to Request No. 3 on the grounds that it improperly and inaccurately attempts to re-label the Non-Waiver and Preservation of Rights Agreement a "Cooperation Agreement." Defendant objects to Request No. 3 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning the "Cooperation Agreement" and negotiation thereof. Defendant further objects to Request No. 3 on the grounds that it seeks production of documents that are already in the possession of Plaintiffs or their lawyers. Defendant further objects to Request No. 3 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

**Request No. 4**

**All Documents and Communications concerning the Carlyle Transaction.**

**Response to Request No. 4**

Defendant objects to Request No. 4 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning the Carlyle Transaction. Defendant objects to Request No. 4 to the extent it seeks documents not in the possession, custody, or control of Defendant, and to the extent it seeks documents in the possession, custody, or control of Plaintiffs. Defendant objects to Request No. 4 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding. Defendant further objects

9

to Request No. 4 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

Subject to and without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged documents, if any, responsive to the Request.

**Request No. 5**

**All Documents and Communications concerning the Sale/Financing Transactions, including any Communications with third parties relating to the Sale/Financing Transactions.**

**Response to Request No. 5**

Defendant objects to Request No. 5 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning the Sale/Financing Transactions.  Defendant objects to Request No. 5 to the extent it seeks documents not in the possession, custody, or control of Defendant, and to the extent it seeks documents in the possession, custody, or control of Plaintiffs.  Defendant objects to Request No. 5 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding.  Defendant further objects to Request No. 5 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

**Request No. 6**

**All Documents and Communications concerning the Transaction Documents.**

**Response to Request No. 6**

Defendant objects to Request No. 6 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all"

10

documents and communications concerning the Transaction Documents. Defendant objects to Request No. 6 to the extent it seeks documents not in the possession, custody, or control of Defendant, and to the extent it seeks documents in the possession, custody, or control of Plaintiffs. Defendant objects to Request No. 6 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding. Defendant further objects to Request No. 6 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure. Documents in Defendant's possession concerning the Transaction Documents are likely to be privileged. Frontier's analysis and communications concerning the Transaction Documents were handled by counsel for Frontier, and the burden of searching for and producing documents in response to this Request is not proportional to the needs of the case.

**Request No. 7**

**All Documents or Communications concerning the Guaranty, including the negotiation thereof.**

**Response to Request No. 7**

Defendant objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning the Guaranty and negotiation thereof. Defendant objects to Request No. 7 to the extent it seeks documents not in the possession, custody, or control of Defendant, and to the extent it seeks documents in the possession, custody, or control of Plaintiffs. Defendant objects to Request No. 7 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding. Defendant further objects to Request No. 7 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the

document(s) from disclosure. Documents in Defendant's possession concerning the Guaranty are likely to be privileged or already in the possession of Plaintiffs. Frontier's analysis and communications concerning the Transaction Documents were handled by counsel for Frontier. The burden of searching for and producing documents in response to this Request is not proportional to the needs of the case.

**Request No. 8**

**Documents sufficient to show any form of guaranty to which You have previously agreed in a transaction with any Plaintiff.**

**Response to Request No. 8**

Defendant objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case. Defendant objects to Request No. 8 to the extent it seeks information that is not relevant to the claims or defenses in this proceeding. Defendant further objects to Request No. 8 to the extent it seeks documents protected from disclosure by the attorney-client privilege the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure. Finally, the requested documents are as or more available to Plaintiffs as they are to Defendant.

**Request No. 9**

**All Documents and Communications concerning letters of intent to sell and/or refinance any of the Aircraft.**

**Response to Request No. 9**

Defendant objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning "letters of intent to sell and/or refinance any of the Aircraft." Defendant further objects to Request No. 9 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity, including

to the extent it references hypothetical and unspecified "letters of intent" relating to unspecified sales or refinancings of the Aircraft. Defendant objects to Request No. 9 to the extent it seeks documents not in the possession, custody, or control of Defendant, and to the extent it seeks documents in the possession, custody, or control of Plaintiffs. Defendant objects to Request No. 9 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding. Defendant further objects to Request No. 9 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

**Request No. 10**

**All Documents concerning any novations, leases, assignments, consents, guarantees, participation agreements, and any other related agreements for any passenger aircraft leased by You.**

**Response to Request No. 10**

Defendant objects to Request No. 10 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "all" documents and communications concerning "any novations, leases, assignments, consents, guarantees, participation agreements, and any other related agreements for any passenger aircraft leased by You." Defendant objects to Request No. 10 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding and documents and information that contain proprietary business information from Plaintiffs' competitors. Further, documents concerning passenger aircraft beyond the Aircraft that are the subject of this proceeding are not relevant to the claims or defenses asserted in this action. Defendant objects to Request No. 10 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity, including to the extent it references

13

hypothetical and unspecified agreements and transactions. Defendant objects to Request No. 10 to the extent it seeks documents not in the possession, custody, or control of Defendant. Defendant further objects to Request No. 10 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine or confidentiality agreement protecting the document(s) or information from disclosure.

**Request No. 11**

**All Documents and Communications concerning Your Counterclaims in the above-captioned action (ECF No. 18).**

**Response to Request No. 11**

Defendant objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" documents concerning Defendants' Counterclaims. Defendant objects to Request No. 11 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding, including to the extent it seeks documents and information concerning counterclaims that are no longer being asserted in this proceeding. Defendant objects to Request No. 11 as premature to the extent it seeks documents and information that will be the subject of expert testimony to be disclosed in accordance with the scheduling order in place in this proceeding and to the extent it seeks documents and information that will be disclosed in advance of any trial in this proceeding pursuant to the scheduling order or any further order of this Court. Defendant objects to Request No. 11 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity. Defendant further objects to Request No. 11 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

14

Subject to and without waiving the foregoing objections, Defendant will produce the documents on which it will rely in support of its counterclaims in this proceeding.

**Request No. 12**

**All Documents and Communications concerning any action taken by Frontier as a result of any alleged breach of contract by any of the Plaintiffs.**

**Response to Request No. 12**

Defendant objects to Request No. 12 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" documents concerning "any action taken by Frontier as a result of any alleged breach of contract by any of the Plaintiffs." Defendant objects to Request No. 12 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity, including because it refers to unspecified "action[s] taken by Frontier." Defendant objects to Request No. 12 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding. Defendant further objects to Request No. 12 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

**Request No. 13**

**All Documents and Communications concerning any action not taken by Frontier as a result of any alleged breach of contract by any of the Plaintiffs.**

**Response to Request No. 13**

Defendant objects to Request No. 13 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" documents concerning "any action not taken by Frontier as a result of any alleged breach of contract by any of the Plaintiffs." Defendant objects to Request No. 13 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity, including

because it refers to unspecified "action[s] not taken by Frontier" and its request for documents and information concerning hypothetical events that did not take place. Defendant objects to Request No. 13 on the grounds that it seeks documents and information not relevant to the claims or defenses in this proceeding. Defendant further objects to Request No. 13 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

**Request No. 14**

**All Documents and Communications identified in Your initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) served on August 10, 2023 (the "Initial Disclosures").**

**Response to Request No. 14**

Defendant objects to Request No. 14 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" documents and communications identified in Defendant's Initial Disclosures. Defendant objects to Request No. 14 to the extent that it seeks documents and information not relevant to the claims or defenses in this proceeding, including to the extent it seeks documents and information concerning counterclaims that are no longer being asserted in this proceeding. Defendant further objects to Request No. 14 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

Subject to and without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged documents, if any, identified in its Initial Disclosures, as amended or supplemented.

**Request No. 15**

**Documents sufficient to show your claimed damages in the action captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd., et al.*, No. 1-20-cv-9713 (LLS) (S.D.N.Y.).**

**Response to Request No. 15**

Defendant objects to Request No. 15 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case. Defendant further objects to Request No. 15 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity. Defendant objects to Request No. 15 to the extent that it seeks documents and information not relevant to the claims or defenses in this proceeding, including to the extent it seeks documents and information concerning counterclaims that are no longer being asserted in this proceeding. Defendant further objects to Request No. 15 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure. Finally, Defendant objects to this Request as an improper attempted end-run around the discovery cutoff in the referenced litigation, and notes that Plaintiffs have full access to all discovery in that lawsuit.

**Request No. 16**

**Copies of all invoices and any other Documents reflecting the "costs and fees incurred by Frontier" identified in Your Initial Disclosures.**

**Response to Request No. 16**

Defendant objects to Request No. 16 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case, including to the extent it seeks "any other Documents" reflecting Frontier's costs and fees from its Initial Disclosures. Defendant objects to Request No. 16 on the grounds that it seeks information that is not relevant to the

proceeding, including to the extent it seeks information beyond that which is reasonably required under the Lease Agreements. Defendant objects to Request No. 16 on the grounds that it is vague and ambiguous and fails to describe the information sought with reasonable particularity, including its request for unspecified "other Documents" reflecting the costs and fees. Defendant objects to Request No. 16 as premature and states that Frontier's damages will be the subject of expert testimony that will be disclosed in accordance with the scheduling order in place in this proceeding, and further states that Frontier's costs and fees continue to accrue. Defendant further objects to Request No. 16 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

Subject to and without waiving the foregoing objections, Defendant will produce redacted invoices reflecting Frontier's legal costs and expenses that Frontier asserts as damages in this proceeding, and further states that it will produce expert testimony on its damages in accordance with the scheduling order in place in this proceeding.

**Request No. 17**

**All Documents and Communications concerning any "operational and reputational harm arising from Plaintiffs actions," as identified in Your Initial Disclosures.**

**Response to Request No. 17**

Defendant objects to Request No. 17 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" documents and communications concerning operational and reputational harm arising from Plaintiffs' actions. Defendant objects to Request No. 17 as premature and states that Frontier's damages will be the subject of expert testimony that will be disclosed in accordance with the scheduling order in place in this proceeding. Defendant objects to Request No. 17 to the extent it seeks

18

information that is not relevant to the claims or defenses in this proceeding.  Defendant further objects to Request No. 17 to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine protecting the document(s) from disclosure.

    Subject to and without waiving the foregoing objections, Defendant will conduct a reasonable search and produce non-privileged documents responsive to the Request, and further states that it will produce expert testimony on its damages in accordance with the scheduling order in place in this proceeding.

Dated:  September 18, 2023
          New York, New York

**BINDER & SCHWARTZ LLP**

/s/ Eric B. Fisher
Eric B. Fisher
675 Third Avenue, 26th Floor
New York, New York 10017
Tel: (212) 510-7008
Email: efisher@binderschwartz.com

*Attorneys for Frontier Airlines, Inc.*