

# Milbank

**JED M. SCHWARTZ**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5283
JSchwartz@milbank.com  |  milbank.com

November 9, 2023

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

      Re:    *Carlyle Aviation Management Limited, et al. v. Frontier Airlines, Inc.*,
              No. 1:23-cv-04774 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

      We are counsel for Plaintiffs in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule 4.B.2, Plaintiffs respectfully request that the Court issue an order granting Plaintiffs' letter motion to seal Plaintiffs' proposed supplemental complaint ("Supplemental Complaint"), filed contemporaneously herewith as Exhibit 1 to the Declaration of Jed M. Schwartz in Support of Plaintiffs' Motion for Leave to File Supplemental Complaint.

      Plaintiffs seek to seal certain information contained in the Supplemental Complaint (the "Redacted Information"). As set forth in the accompanying Declaration of Jed M. Schwartz in support of this letter motion, the Redacted Information contains sensitive and confidential business information regarding business transactions with third parties to sell the aircraft. This Redacted Information includes the competitive price terms of those transactions, which Defendant's constant stall tactics and unreasonable demands have prevented from closing, as outlined in the Supplemental Complaint. If these business transactions are not protected by sealing, the pricing of the proposed sales will be exposed to the public, hindering Plaintiffs' ability to competitively sell or refinance the aircraft going forward, which would not only be detrimental to Plaintiffs, but also to the ongoing arrangement for Defendant to lease and use such aircraft. It is for these very same reasons that the operative version of the Complaint in this litigation remains sealed and redacted on the public docket. *See* ECF No. 1-2; *see also* Order, ECF No. 11.

      Although there is a presumption in favor of public access to judicial documents, the Court may seal judicial documents if "closure is essential to preserve higher values and [closure] is

Honorable Paul A. EngelmayerNovember 9, 2023
Page 2

narrowly tailored to serve that interest." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re N.Y. Times. Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Here, there would be, at most, a weak presumption in favor of public access. "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. On the "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance," the Redacted Information falls squarely into the latter category. *Id.* The Redacted Information is relevant only to the quantum of damages of Plaintiffs' claims, and does not otherwise concern information dispositive of Plaintiffs' claims.

The Second Circuit has considered "higher values" justifying sealing to include the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information where disclosure would result in "financial harm"); *see also Playtex Prods., LLC v. Munchkin, Inc.*, 14 Civ. 1308, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (sealing "confidential and sensitive business information"). Such an interest is present here. The Redacted Information includes limited portions of the Supplemental Complaint revealing the price terms of the sales and purchase agreements with third parties. Schwartz Decl. ¶ 3. Sealing these commercially sensitive and confidential terms in a narrowly tailored fashion, as Plaintiffs propose, is therefore particularly appropriate under the circumstances.

For the foregoing reasons, we respectfully request that the Court grant Plaintiffs' letter motion to seal.

Respectfully submitted,

*/s/ Jed M. Schwartz*
Jed M. Schwartz

cc:Counsel of Record (via ECF)

Granted. SO ORDERED.

Dated: November 13, 2023PAUL A. ENGELMAYER
New York, New YorkUnited States District Judge

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO