

**Joshua E. Abraham**
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
**T:** 646 245 6710
**F:** 646 201 4454
josh@abrahamesq.com
**abrahamesq.com**

December 1, 2023

*Via ECF*

Hon. Paul A. Engelmayer
United States District Court for
the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2201
New York, NY 10007

> Re: Subpoenas Served on Non-Party Indigo Partners, LLC
> *Carlyle Aviation Management, Limited, et al. v. Frontier Airlines, Inc.*
> Case No. 1:23-cv-4774 (PAE)

Dear Judge Engelmayer,

I represent non-party Indigo Partners, LLC ("Indigo"), which was served by the plaintiffs in the above-referenced action with subpoenas to produce documents and to give testimony.[1] I write pursuant to Section 2(C) of Your Honor's Individual Rules and Practices in Civil Cases to respectfully request that the Court enter an order quashing the subpoenas. The undersigned and counsel for the plaintiffs met and conferred in respect of the subpoenas but were unable to resolve this dispute. A true and correct copy of the subpoena for the production of documents is attached as **Exhibit A**. A true and correct copy of the subpoena for testimony is attached as **Exhibit B**. (Exs. A and B are collectively referred to as the "Subpoenas.")

**Background**

Indigo is an investment and investment advisory firm based in Phoenix, Arizona.[2] Indigo, through one of its managed investment funds, maintains a sizeable equity interest in Frontier Group Holdings, Inc., the publicly traded parent of defendant Frontier Airlines, Inc. ("Frontier").

By way of background, the plaintiffs (collectively "Carlyle") and Frontier are parties to two lawsuits pending in this District in addition to this one: (i) *Frontier Airlines, Inc. v. AMCK Aviation Holdings, et al.*, No. 1:20-cv-09713 (LLS) (S.D.N.Y.) ("Litigation 1") (pending before

---

[1] Counsel for the plaintiffs agreed by email to extend Indigo's time to respond or object to the subpoenas to December 1, 2023.

[2] A copy of Indigo's most recent Form ADV can be accessed at:
https://reports.adviserinfo.sec.gov/reports/ADV/163648/PDF/163648.pdf

Judge Stanton); and (ii) *Frontier Airlines, Inc. v. AMCK Aviation Holdings*, No. 22-cv-02943 (PAE) (S.D.N.Y.) ("Litigation 2") (pending before this Court and determined to be a related case to the instant case). In Litigation 1, Frontier asserts that the defendants therein repudiated and breached certain aircraft financing and lease agreements. *See* Litigation 1, ECF No. 1 (Complaint). Litigation 2 and this Litigation both involve Frontier's efforts to protect its rights with regard to collecting a judgment in Litigation 1.

Critically, Indigo (i) is not a party in Litigation 1, Litigation 2, or the present action; (ii) is not referenced in any of the pleadings in any of the litigations; and (iii) is not a signatory to any agreement between the parties, including the leases and the "Non-Waiver Agreement" that Carlyle references in its complaint herein. Furthermore, discovery in Litigation 1 concluded in September 2022. *See* Litigation 1, ECF No. 117 (Joint Second Amended Scheduling Order). Indigo was not served with a subpoena in Litigations 1 or 2.

**The Subpoenas**

The Plaintiffs have now served Indigo with the Subpoenas that, on their face, are targeted to obtaining discovery for use in Litigations 1 and 2, or for transactions to which Indigo was not a party given its role as an outside equity investor in Frontier. Thus, the Subpoenas each broadly seek "all documents and communications" and testimony concerning:

1) the "Sale/Refinancing Transactions" (i.e., the *plaintiffs'* negotiations and sale of aircraft to third-party potential purchasers, in which Indigo did not participate);
2) "Litigation 1" (to which Indigo is not party);
3) "the Cooperation Agreement" (i.e., the "Non-Waiver Agreement" to which Indigo is not a party or participant);
4) the "Aircraft" (i.e., the aircraft which Frontier financed and leased in connection with the claims asserted in Litigations 1 and 2); and
5) "Frontier's alleged rights to secure its claim in Litigation 1" (to which Indigo is not party).

*See* Exs. A & B.

**The Court Should Quash the Subpoenas.**

The Subpoenas should be quashed for three independent reasons. First, the Subpoenas are unduly burdensome and seek discovery that is plainly irrelevant to this case. In this regard, Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure specifically requires a court to quash or modify a subpoena if it "subjects a person to undue burden." *See* Fed. R. Civ. P. 45(c)(3)(A)(iv). Courts have considered several factors in determining whether a subpoena imposes upon a witness an undue burden, including the relevance of the information sought. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996); *Eisemann v. Greene*, No. 97-cv-6096 (JSR), 1998 WL 164821, at *2 (S.D.N.Y. Apr. 8, 1998) (motion to quash subpoena granted where evidence was of "doubtful and tangential relevance"); *see also Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [the non-movant] would be by definition

'undue.'") (emphasis in original). Here, three of the five topics listed in the Subpoenas (topics 2, 4, and 5) relate to Litigations 1 and 2, **not** this action. *See Collens v. City of New York,* 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition into matters not related to the alleged claims or defenses," in the action) (citation and quotation omitted).

Second, the Subpoenas are wildly overbroad to the extent they request production of "all" documents and communications. *See Optionality Consulting Pte. Ltd. v. Edge Technology Group LLC*, 18-CV-5393 (ALC) (KHP), 2022 WL 1977746, at *4 (S.D.N.Y. Jun. 3, 2022) (request "is wildly overbroad insofar as it requests 'all documents and communications.'").

Third, "subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns v. Bank of Am.*, No. 03 CIV.1685 RMB JCF, 2007 WL 1589437, *14 (S.D.N.Y. June 4, 2007). "[If] documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]." *Id*. (Internal quotations and citations omitted). Here, if there are any relevant and discoverable communications involving Indigo and Frontier, they should be requested from Frontier. And if depositions of Frontier employees reveal that Indigo has unique discoverable information concerning the agreement in dispute, then the plaintiffs should serve Indigo with a subpoena narrowly tailored to this information. However, discovery regarding non-parties is prohibited where it would permit a party "to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Palumbo v. Shulman*, No. 97CIV.4314 (JGK)(KNF), 1998 WL 436367, at *5 (S.D.N.Y. July 27, 1998). As noted above, none of the discovery sought from Indigo is relevant to this action, nor do the plaintiffs have any reason to believe that Indigo, which is a shareholder of Frontier, has any unique discoverable information concerning the transactions at issue in this lawsuit. *See* ECF No. 1-2, Complaint ¶¶ 51, 52.

**Conclusion**

Accordingly, and for the foregoing reasons, the Subpoenas should be quashed.

Very truly yours,

Joshua E. Abraham

Cc: All Counsel of Record (via email)