AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Carlyle Aviation Management Limited, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:23-cv-4774 (PAE) |
| Frontier Airlines, Inc. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Indigo Partners, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Jed M. Schwartz at jschwartz@milbank.com; OR<br><br>The Peak<br>7301 North 16th Street, Suite 102,<br>Phoenix, Arizona 85020 | Date and Time:<br><br>November 17, 2023 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/3/2023

*CLERK OF COURT*                                      OR       */s/ Jed M. Schwartz*

*Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Carlyle Aviation Management Limited, et al. , who issues or requests this subpoena, are:

Jed M. Schwartz, Milbank LLP, 55 Hudson Yards, New York, NY 10001; jschwartz@milbank.com; (212)-530-5000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:23-cv-04774-PAE   Document 60-1   Filed 12/01/23   Page 2 of 10

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-4774 (PAE)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

This is an exhibit to a subpoena pursuant to the authority of the United States District Court for the Southern District of New York requiring You to produce documents responsive to the requests set forth below (the "Requests," and, each, a "Request"). The Requests are subject to the following definitions and instructions.

## DEFINITIONS

1. "Aircraft" means the fourteen Airbus A320 passenger aircraft that Frontier Airlines, Inc. ("Frontier") leases from certain Plaintiffs.

2. "Communication" and "Communications" shall be interpreted as broadly as permitted under the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c)(1).

3. "Concerning" has the meaning set forth in Local Civil Rule 26.3(c)(7).

4. "Cooperation Agreement" means the Non-Waiver & Preservation of Rights Agreement entered into by Frontier and Plaintiffs on October 21, 2022, and any amendments thereto.

5. "Document" shall be interpreted as broadly as permitted under the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c)(2). For the avoidance of doubt, Document includes information or Communications of any kind or nature stored in any medium from which information can be obtained either directly or after conversion into a reasonably usable form, including any writings; drawings; graphs; charts; photographs; phonorecords; and electronic, recorded, digitally encoded, graphic, and/or other data compilations. The term "Document" includes all originals, translations, non-identical copies and copies with marginal notations or interlineations. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" also includes all Electronically Stored Information (defined below).

6. "Electronically Stored Information" or "ESI" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and refers to all computer or electronically stored or generated data and information and includes all attachments to and enclosures with any requested item, and all drafts thereof. "Electronically Stored Information" or "ESI" includes information stored in any format and on any storage media, including hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. "Electronically Stored Information" or "ESI" includes word-processing Documents; electronic spreadsheets; electronic presentation Documents; email messages; image files; sound files; and material or information stored in a database, or accessible from a database. "Electronically Stored Information" or "ESI" also includes all associated metadata that is maintained or saved, which includes: a Document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

7. "Including" means "including but not limited to," and "includes" means "includes but is not limited to."

8. "Litigation 1" means the case captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings, et al.*, No. 1:20-cv-09713 (LLS) (S.D.N.Y.).

9. "Person" has the meaning set forth in Local Civil Rule 26.3(c)(6).

10. "Plaintiffs" means Plaintiffs Carlyle Aviation Management Limited, Accipiter Investments Aircraft 4 Limited, Vermillion Aviation (Two) Limited, Accipiter Holdings DAC, Maverick Aviation Holdings Ltd., Manchester Aviation Finance S.à r.l., Wells Fargo Trust Company, N.A., not in its individual capacity but solely in its capacity as Owner Trustee, UMB

Bank, N.A., not in its individual capacity but solely in its capacity as Owner Trustee and each of their corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors-in-interest, successors, assigns, agents, brokers, legal representatives, trustees, consultants, accountants, appraisers, auditors, adjusters, and all representatives acting on their behalf, and their present and former officers, directors, servants, and employees.

11. "Sale/Refinancing Transactions" means the prospective sales and/or refinancings of certain Aircraft, with respect to which Plaintiffs sought Frontier's cooperation in 2022 and 2023.

12. "Transaction Documents" means the documents provided by certain Plaintiffs' counsel to Frontier's counsel on July 18, 2023, and issued insurance certificates for the 14 Aircraft reflecting the changes set out in the insurance certificate mark ups in the zip file entitled "Zip File #1" sent to Frontier's counsel on July 18, 2023.

13. "You" and "Your" means Indigo Partners, LLC and any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors-in-interest, successors, assigns, agents, brokers, legal representatives, trustees, consultants, accountants, appraisers, auditors, adjusters, and all representatives acting on its behalf, and its present and former officers, directors, servants, and employees.

14. Any other terms herein not specifically defined should be given their common-sense meaning considering dictionary definitions and applicable law.

## **INSTRUCTIONS**

1. The requested answers to these Requests for Production of Documents shall be returned electronically to Jed M. Schwartz at jschwartz@milbank.com.  As an alternative, the requested answers can also be returned to The Peak, which is located at 7301 North 16th Street, Suite 102, Phoenix, Arizona 85020.

2. In responding to these Requests, You shall produce all Documents in Your possession, custody or control.

3. The factual and legal basis for any objection shall be stated in writing. If an objection is made to any part of an item or category of discovery, such part objected to shall be specified.

4. If any Document responsive to these Requests for Production of Documents is withheld under a claim of privilege or upon any other ground, a "privilege log" must be provided at the time of the document production. As to each such Document, the log must identify the privilege being asserted and provide the following information in sufficient detail to permit the Court to rule on Your claim: (a) date; (b) type of Document (e.g., letter, memorandum, contract, report, etc.); (c) author or sender's name and position; (d) recipient or addressee's name and position; (d) any "cc" or "carbon copy," "bcc" or "blind carbon copy" names and positions; (e) the privilege asserted; (f) a "re" line describing the subject matter of the document, sufficient to provide an understanding as to why such privilege is asserted; (g) the name and position of the Person with custody of the Document; and (h) any additional information necessary to evaluate the assertion of privilege under applicable law.

5. If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted. Unless otherwise agreed by the parties, a separate "redaction privilege log" must be provided at the time of the Document production containing the same categories of information as set forth in Instruction No. 4 for the privileged portion of the redacted Document.

6.     You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 3 and 4 above) regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

7.     All Documents that in their original form were stapled, clipped, or otherwise attached to other Documents should be produced in such form.

8.     If any responsive Documents are maintained in a file, please produce the file folder or container and all labels and notations therein along with the Documents.

9.     If You have knowledge of any destruction of a Document responsive to any Request hereof, whether such destruction occurred in the ordinary course of business or otherwise, describe the circumstances surrounding that destruction.

10.    In making Your production, please provide .tiff files and all electronic metadata.

11.    You shall construe any Document Request in accordance with the requirements of Local Civil Rule 26.4(b), which states: "Discovery requests shall be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information or can obtain it from the client."

12.    Unless otherwise specifically stated, these Requests for Production of Documents seek information and/or Documents dated, prepared, generated, received, or relating to the period from December 1, 2021 through September 30, 2023 (the "Relevant Period").

13.    These Requests for Production of Documents are continuing in nature.  If You or Your attorneys obtain further information or documents between the date You submit Your answers and the time for trial, You are required to promptly provide supplemental answers that alter or augment the answers now given.

14. The past tense shall be construed to include the present tense, and vice versa, to make the Requests for Production of Documents inclusive rather than exclusive.

15. The singular, as described in Local Civil Rule 26.3(d)(3), shall be construed to include the plural, and vice versa, to make the Requests inclusive rather than exclusive.

16. The terms "and" and "or" are to be read in accordance with the meaning set forth in Local Civil Rule 26.3(d)(2).

17. The words "all", "any", and "each" shall each be construed broadly, meaning "any and all", as set forth in Local Civil Rule 26.3(d).

## DOCUMENT REQUESTS

1. All Documents and Communications concerning the Sale/Refinancing Transactions.

2. All Documents and Communications concerning Litigation 1.

3. All Documents and Communications concerning the Cooperation Agreement.

4. All Documents and Communications concerning the Aircraft.

5. All Documents and Communications concerning Frontier's alleged rights to secure its claim in Litigation 1.