AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Carlyle Aviation Management Limited, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:23-cv-4774 (PAE) |
| Frontier Airlines, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Indigo Partners, LLC

To:

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See Attachment A

| Place: The Peak<br>7301 North 16th Street, Suite 102<br>Phoenix, Arizona 85020<br>       or as agreed upon by counsel. | Date and Time:<br><br>December 8, 2023 – 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic, audio, visual, and/or real-time transcripts.

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/3/2023

          *CLERK OF COURT*

| | OR | |
|---|---|---|
| _____ | | /s/ Jed M. Schwartz |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

Carlyle Aviation Management Limited, et al. _____, who issues or requests this subpoena, are:

Jed M. Schwartz, Milbank LLP, 55 Hudson Yards, New York, NY 10001; jschwartz@milbank.com; (212)-530-5000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:23-cv-4774 (PAE)

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **ATTACHMENT A**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Indigo Partners must promptly confer in good faith with Plaintiffs about the deposition topics set forth herein (collectively, the "Topics," and individually, each a "Topic"), and shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the Topics. Indigo Partners is requested to provide counsel for Plaintiffs with written notice, at least one week prior to the date of the deposition, of the name(s) of the designee(s) who will testify on behalf of Indigo Partners and to identify the Topic(s) as to which each designee will testify.

## DEFINITIONS

The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 and Local Civil Rule 26.3 are hereby incorporated and apply to this Attachment. These definitions apply throughout this Attachment without regard to capitalization.

1.      "Action" means the above-captioned proceeding, *Carlyle Aviation Mgmt., et al. v. Frontier Airlines, Inc.*, No. 1:23-cv-04774 (PAE) (S.D.N.Y.).

2.      "Communication" and "Communications" shall be interpreted as broadly as permitted under Local Civil Rule 26.3(c)(1).

3.      "Concerning" has the meaning set forth in Local Civil Rule 26.3(c)(7).

4.      "Cooperation Agreement" means the Non-Waiver & Preservation of Rights Agreement entered into by Frontier Airlines, Inc. ("Frontier") and Plaintiffs on October 21, 2022, and any amendments thereto.

5.      "Document" shall be interpreted as broadly as permitted under the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c)(2). For the avoidance of doubt, Document includes information or Communications of any kind or nature stored in any medium from which

information can be obtained either directly or after conversion into a reasonably usable form, including any writings; drawings; graphs; charts; photographs; phonorecords; and electronic, recorded, digitally encoded, graphic, and/or other data compilations. The term "Document" includes all originals, translations, non-identical copies and copies with marginal notations or interlineations. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" also includes all Electronically Stored Information (defined below).

6. "Electronically Stored Information" or "ESI" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and refers to all computer or electronically stored or generated data and information and includes all attachments to and enclosures with any requested item, and all drafts thereof. "Electronically Stored Information" or "ESI" includes information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. "Electronically Stored Information" or "ESI" includes: word-processing Documents; electronic spreadsheets; electronic presentation Documents; email messages; image files; sound files; and material or information stored in a database, or accessible from a database. "Electronically Stored Information" or "ESI" also includes all associated metadata that is maintained or saved, which includes: a Document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

7. "Including" means "including but not limited to," and "includes" means "includes but is not limited to."

8. "Indigo Partners, LLC" means Indigo Partners, LLC and each of its corporate

affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors-in-interest, successors, assigns, agents, brokers, legal representatives, trustees, consultants, accountants, appraisers, auditors, adjusters, and all representatives acting on its behalf, and its present and former officers, directors, servants, and employees.

9.      "Litigation 1" means the case captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings, et al.*, No. 1:20-cv-09713 (LLS) (S.D.N.Y.).

10.      "Plaintiffs" means Plaintiffs Carlyle Aviation Management Limited, Accipiter Investments Aircraft 4 Limited, Vermillion Aviation (Two) Limited, Accipiter Holdings DAC, Maverick Aviation Holdings Ltd., Manchester Aviation Finance S.à r.l., Wells Fargo Trust Company, N.A., not in its individual capacity but solely in its capacity as Owner Trustee, UMB Bank, N.A., not in its individual capacity but solely in its capacity as Owner Trustee, and each of their corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors-in-interest, successors, assigns, agents, brokers, legal representatives, trustees, consultants, accountants, appraisers, auditors, adjusters, and all representatives acting on their behalf, and their present and former officers, directors, servants, and employees.

11.      "Sale/Refinancing Transactions" means the prospective sales and/or refinancings of certain Aircraft, with respect to which Plaintiffs sought Frontier's cooperation in 2022 and 2023.

12.      Any other terms herein not specifically defined should be given their common-sense meaning considering dictionary definitions and applicable law.

## <u>TOPICS TO BE ADDRESSED DURING RULE 30(B)(6)<br>DEPOSITION</u>

1.      The Sale/Refinancing Transactions.

2.      Litigation 1.

3.      The Cooperation Agreement.

4.      The Aircraft.

5.      Frontier's alleged rights to secure its claim in Litigation 1.