

# Milbank

### JED M. SCHWARTZ

*Partner*

55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5283
JSchwartz@milbank.com | milbank.com

December 6, 2023

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

> Re:    *Carlyle Aviation Management Limited, et al. v. Frontier Airlines, Inc.*, No. 1:23-cv-04774 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

We are the attorneys for Plaintiffs in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule 2.C, we write in opposition to the letter request (the "Letter") filed by Indigo Partners, LLC ("Indigo Partners") on December 1, 2023, seeking to quash the subpoena *duces tecum* and subpoena for testimony served by Plaintiffs. Plaintiffs respectfully request that the Court deny Indigo Partners' request or, in the alternative, schedule an informal conference so counsel may further discuss this issue with the Court.

## I.    Factual Background

The instant litigation arises out of Frontier Airlines, Inc.'s ("Frontier") refusal to cooperate with certain Plaintiffs' efforts to sell and/or refinance certain of the aircraft on lease to Frontier (the "Sale/Financing Transactions"), in breach of Frontier's contractual obligations. Frontier refused to provide documentation required to consummate the Sale/Financing Transactions solely so Frontier could, in its view, better its chances of collecting on a judgment in a separate, unrelated litigation for breach of an agreement between Frontier and non-party AMCK Aviation Holdings Ireland Limited ("AMCK").[1] In both its affirmative defenses and counterclaim in the instant litigation, Frontier insists that its breaches are excused because Plaintiffs allegedly, among other things, failed to provide "assurances" that the Sale/Financing Transactions would not diminish Frontier's rights and interests under the applicable leases, including Frontier's ability to recover on a judgment in Litigation 1—assurances that Plaintiffs are not contractually obligated to provide.

---

[1] *Frontier Airlines v. AMCK, et al.*, No. 1:20-cv-09713 (LLS) (S.D.N.Y.) ("Litigation 1").

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

## II.    The Court Should Deny Indigo Partners' Request to Quash the Subpoenas

### a.    The Information Sought by the Subpoenas is Relevant to the Instant Litigation

On a motion to quash a third-party subpoena, "[t]he party issuing the subpoena" must first "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Ohio Dep't of Ins. v. RPM Mortg., Inc.*, 2020 WL 8513150, at *1 (S.D.N.Y. Dec. 2, 2020)[2] (Engelmayer, J.) (denying motion to quash). The relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) apply to discovery sought from non-parties. *Amphenol Corp. v. Fractus, S.A.*, 2019 WL 2521300, at *6 (S.D.N.Y. June 19, 2019) (Engelmayer, J.) (denying motion to quash); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense and proportional to the needs of the case*** . . . .") (emphasis added). "[R]elevance, for purposes of discovery, is an extremely broad concept." *Ohio Dep't of Ins.*, 2020 WL 8513150, at *1. The categories of documents and information sought by Plaintiffs' subpoenas are targeted to discover information relevant to the claims and defenses in this case.

Plaintiffs have reason to believe that Indigo Partners' representatives engaged in communications concerning the subject matter of this litigation—which counsel for Indigo Partners did not confirm or deny during a November 30, 2023 meet and confer with Plaintiffs. For example, Plaintiffs seek documents and communications concerning the Sale/Financing Transactions and the Cooperation Agreement, which are directly relevant to Plaintiffs' claims that Frontier breached its cooperation obligations when it refused to cooperate with Plaintiffs in effectuating the Sale/Financing Transactions, as required under the Cooperation Agreement and lease agreements for certain aircraft. Likewise, Plaintiffs seek documents and communications concerning Litigation 1 and Frontier's alleged rights to secure its claim therein. This evidence is relevant because Frontier cites its damages claim in Litigation 1 as justification for the actions that are challenged by Plaintiffs in this matter. To the extent that Plaintiffs' Request No. 4 is overbroad, Plaintiffs are amenable to conferring about reasonable modifications to the scope of that request. But there is no question that the documents Plaintiffs seek are relevant.

### b.    Indigo Partners Has Not Demonstrated Undue Burden

"If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Amphenol Corp.*, 2019 WL 2521300, at *6. Notably, a movant seeking to quash a non-party subpoena "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden . . . and the probable negative consequences of insisting on compliance." *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016). "[I]nconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony." *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d at 522.

Here, Indigo Partners has not even attempted to show that it would be unduly burdensome to locate and produce discovery responsive to the subpoenas. During the November 30 meet and confer, Indigo Partners' counsel was unable to provide any information regarding any alleged

---

[2] Unless otherwise indicated, internal citations and quotations are omitted.

burden that responding to the subpoenas would impose on Indigo Partners.  *See* Nov. 30, 2023 Email from J. Schwartz to J. Abraham, attached hereto as **Ex. 1**. The Letter also lacks any details regarding the alleged burden.

Far from being overly broad or unduly burdensome, Plaintiffs' subpoenas are narrowly tailored to discover information relevant to the claims and defenses in the instant litigation.  The requests are limited to a defined time period (Dec. 1, 2021 – Sept. 30, 2023), concern limited issues that relate to a defined set of aircraft, and seek only documents and communications within Indigo Partners' possession, custody, and/or control.  This is in direct contrast to the case cited by Indigo Partners, *Optionality Consulting Pte. Ltd. v. Edge Technology Group LLC*, 2022 WL 1977746 (S.D.N.Y. June 3, 2022), in which the court held that one of the particular requests at issue was wildly overbroad insofar as it requested all documents and communications "related to a broad swath of documents for a broad category of services for an unlimited time period."  *Id*. at *4.

Due to members of Indigo Partners' management having leadership positions at Frontier and/or its corporate parent Frontier Group Holdings, Inc. (*e.g.*, William Franke, Brian Franke, Andrew Broderick), Plaintiffs have reason to believe that Indigo Partners and its representatives participated in conversations and decision making concerning the Sale/Financing Transactions and other matters pertinent to this litigation.  In addition, Plaintiffs are aware of communications concerning the Sale/Financing Transactions between persons at Indigo Partners (*e.g.*, William Franke) and representatives of Plaintiff Carlyle Aviation Management Ltd. (*e.g.*, William Hoffman, Robert Korn).

Plaintiffs' subpoenas are also not an end-run around the regular discovery process. Plaintiffs have sought discovery from Frontier in this case, and the parties are in the process of negotiating and exchanging discovery.  Plaintiffs' subpoenas to Indigo Partners seek information that may not be within Frontier's possession, custody, or control.  For example, in 2022, members of Indigo Partners spoke with certain Plaintiffs regarding the issues asserted in this case.  It is nearly certain that in connection with those conversations, Indigo Partners had responsive internal and external communications.  Those should be produced.

The case cited by Indigo Partners—*Palumbo v. Shulman*—is inapposite.  There, the court found that permitting plaintiffs' discovery requests regarding non-party investment portfolios would allow them to "roam in the shadow zones of relevancy" because plaintiffs could not show that the non-party was similarly situated to plaintiffs and, thus, such portfolios were irrelevant. *See Palumbo*, 1998 WL 436367, at *5 (S.D.N.Y. July 27, 1998).  Here, Plaintiffs' subpoenas request information directly relevant to Plaintiffs' claims and Frontier's conduct within the custody or control of Indigo Partners, as the parent company of Defendant Frontier, *e.g.*, information regarding the Sales/Financing Transactions, the Cooperation Agreement, and the Aircraft.

For the foregoing reasons, we respectfully request that the Court deny Indigo Partners' request or, in the alternative, schedule an informal conference before the Court.

Respectfully submitted,

*/s/     Jed M. Schwartz*
Jed M. Schwartz

cc: All Counsel of record (via ECF)