

**JED M. SCHWARTZ**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5283
JSchwartz@milbank.com  |  milbank.com

December 6, 2023

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

      Re:    *Carlyle Aviation Management Limited, et al. v. Frontier Airlines, Inc.*, No. 1:23-cv-04774 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

      We are the attorneys for Plaintiffs in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule 2.C, Plaintiffs write to respectfully renew our request for an informal conference with the Court to discuss certain remaining discovery disputes regarding several of Frontier Airlines, Inc.'s ("Frontier" or "Defendant") Responses and Objections to Plaintiffs' Requests First Requests for Production of Documents.[1]

      Frontier continues to categorically refuse to collect any form of Electronically Stored Information ("ESI") responsive to Plaintiffs' Requests Nos. 5, 6, 7, and 9. These requests seek documents and communications concerning the sales and financing transactions that are at the heart of Plaintiffs' claims (the "Sale/Financing Transactions"), including any communications

---

[1] The parties met and conferred on Monday, October 30, 2023. The parties were unable to resolve certain disputes, and Plaintiffs wrote to the Court thereafter on November 10, 2023, requesting an informal conference (Dkt. No. 49) ("Plaintiffs' November 10 Letter"). Frontier submitted a letter in response to the Court on November 15, 2023 (Dkt. No. 53) ("Frontier's November 15 Letter"). On November 17, 2023, the Court denied Plaintiffs' request for an informal conference without prejudice and directed the parties to continue working together to complete the discovery process (Dkt. No. 56) (the "November 17 Order"). Pursuant to the November 17 Order, the parties met and conferred again on Monday, November 27, 2023. The parties were able to resolve several discovery disputes, but the parties are at an impasse with respect to a few critical issues.

MILBANK LLP

NEW YORK  |  LOS ANGELES  |  WASHINGTON, D.C.  |  SÃO PAULO  |  FRANKFURT
LONDON  |  MUNICH  |  BEIJING  |  HONG KONG  |  SEOUL  |  SINGAPORE  |  TOKYO

with third parties relating to the Sale/Financing Transactions, all documents and communications concerning the relevant transaction documents, and all documents or communications concerning the guaranty that was the subject of much back-and-forth between the parties, including the negotiation thereof.

Frontier continues to assert, **without having conducted any search or reviewed any documents**, that all documents responsive to Plaintiffs' requests are likely to be privileged. When asked whether Frontier would review and produce, at a minimum, responsive communications with third parties, Frontier responded that it does not have any responsive documents or communications with third parties—but, again, Frontier does not appear to have taken any affirmative steps to confirm the accuracy of that statement. Instead, Frontier relies solely on the unverified recollections of certain individuals in arguing that there are no responsive communications with third parties and that every document that may be responsive to Plaintiffs' Requests would also be privileged. Frontier categorically asserts that it is too burdensome to search (or produce a privilege log) for documents that are not likely to be produced.

Frontier's conclusory assertions in this respect do not satisfy its obligation to conduct a reasonable search for responsive documents. *See, e.g.*, *Raine Group LLC v. Reign Capital, LLC*, No. 21-cv-1898, 2022 WL 538336, at *2 (S.D.N.Y. Feb. 22, 2022). At a minimum, a "reasonable search" consists of some type of **actual** search of a party's documents. *See Nichols v. Noom, Inc.*, No. 20-cv-3677, 2021 WL 948646, at *4-5 (S.D.N.Y. Mar. 11, 2021); *Vista Food Exchange, Inc., v. Comercial De Alimentos Sanches S DE R L DE C.V.*, No. 18-cv-8999, 2020 WL 7695712, at *4 (S.D.N.Y. Dec. 28, 2020); *Brown v. Barnes & Noble, Inc.*, 474 F.Supp.3d 637, 644 (S.D.N.Y. 2019); *see also, e.g.*, Plaintiffs' November 10 Letter at 2 (addressing why an "assertion that information is 'likely to be privileged' does not absolve a party from conducting a reasonable search"). Further, "in light of the two hats often worn by in-house lawyers, communications between a corporation's employees and its in-house counsel . . . must be *scrutinized carefully* to determine whether the predominant purpose of the communication was to convey business advice and information" and, if so, "the communication is not protected by the attorney-client privilege." *Brown*, 474 F.Supp.3d at 648 (emphasis added). Frontier cannot make that determination here, without reviewing any documents.

The case law Frontier relies on in its November 15 Letter to avoid collecting ESI is not controlling authority, is inapposite, or both. (*See* Dkt. No. 53 at 2.) The only case from the Second Circuit that Frontier relies on to support its position that it should be absolved from any obligation to search its databases for relevant ESI is *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-MDL-2262, 2023 WL 2871090, at *8 (S.D.N.Y. Apr. 10, 2023) ("*In re LIBOR*"). (*Id.*) *In re LIBOR* is not applicable here. In *In re LIBOR*, the plaintiffs requested additional broad-ranging discovery after already receiving **3.4 million documents** from defendants. 2023 WL 2871090, at *8. Here, Plaintiffs have requested targeted discovery **and have not yet received a single document from Frontier**. Moreover, in *In re LIBOR*, the court determined that the additional proposed document review would be unduly burdensome and disproportionate to the needs of the case due to privilege issues, including the "qualified bank examination privilege," and a "multi-layered review of documents," while also recognizing there would be "additional hurdles" caused

by the nature of collecting discovery from third-party banks. *Id.* at *7-8. No such special issues of privilege or barriers to collection exist here.[2]

The two other cases Frontier relies on, *North County Communications Corporation* and *Sprint Communications Company L.P.*, are out-of-circuit cases and, in any event, do not support Frontier's assertion that the "reasonable search" requirement is satisfied by a party merely asking its potential custodians whether the communications they have had on a particular subject are protected by attorney-client privilege. *See N. Cnty. Comm'ns Corp. v. Verizon Global Networks, Inc.*, No. 08-cv-01518, 2012 WL 12870300 (S.D. Cal. Oct. 31, 2012) (denying collection of communications that were *solely* between in-house counsel, and therefore, certain to be privileged); *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, No. CV-17-1734-RGA, 2019 WL 3369659 (D. Del. July 15, 2019) (denying collection of discovery from in-house counsel where the party seeking discovery would have further opportunities to obtain the evidence it seeks elsewhere). Here, Plaintiffs are not attempting to collect communications that are solely among Frontier's in-house or outside counsel or communications that are already within Plaintiffs' control or possession. Instead, Plaintiffs request responsive communications among Frontier executives, other non-legal employees, and/or Plaintiffs' employees that are relevant to Plaintiffs' claims and defenses in this case and that could not be obtained elsewhere, to the extent such communications exist.

For the foregoing reasons, we respectfully request an informal conference before the Court.

Respectfully submitted,

*/s/      Jed M. Schwartz*

Jed M. Schwartz

cc: All Counsel of record (via ECF)

---

[2] Plaintiffs have also informed Frontier that they are amenable to alternative approaches in logging privileged documents, *e.g.*, a categorical approach, to lessen Frontier's burden.