UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLYLE AVIATION MANAGEMENT LIMITED, *et al.*,

        Plaintiffs,

  -v-

FRONTIER AIRLINES, INC.,

        Defendant.

23 Civ. 4774 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

  The Court has received letters from counsel on the pending motion to quash filed by non-party Indigo Partners LLC ("Indigo"). Plaintiffs (together, "Carlyle") have issued two subpoenas to Indigo, an Arizona-based investment firm that holds a "sizeable equity interest" in the parent company of defendant Frontier Airlines, Inc. ("Frontier"). Dkt. 60 ("Indigo Br.") at 1. One calls for the production of documents, Dkt. 60, Ex. 1 ("Subpoena A"). The other, pursuant to Federal Rule of Civil Procedure 30(b)(6), calls for the deposition of a designated corporate officer or officers, to be held December 8, 2023, Dkt. 60, Ex. 2 ("Subpoena B"). On December 1, 2023, Indigo filed a motion to quash these subpoenas. Dkt. 60. On December 6, 2023, Carlyle opposed the motion. Dkt. 63 ("Pl. Br.").

  In the subpoena for documents, Carlyle seeks production of "[a]ll [d]ocuments and [c]ommunications" in Indigo's possession related to various topics, for the period covering December 1, 2021 through September 30, 2023. These include two pending cases to which Frontier is a party ("Litigation 1" and "Litigation 2," respectively); Carlyle's attempted sale and refinancing of aircraft leased to Frontier (the "Sale/Refinancing Transactions"); and a contract between Carlyle and Frontier (the "Cooperation Agreement") designed to facilitate ordinary

course business activity during Litigations 1 and 2. Subpoena A at 6. In the Rule 30(b)(6) subpoena, Carlyle seeks testimony on the substantially these same topics. Subpoena B at 4.

Upon a motion to quash, the burden is first on Carlyle to establish that the information sought is relevant. Once that is established, the burden shifts to Indigo to demonstrate an undue burden. *E.g.*, *Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *6 (S.D.N.Y. June 19, 2019) (citing Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv)).

To the extent Indigo contends that the topics listed above are categorically irrelevant to this litigation ("Litigation 3"), Indigo is wrong. "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). Indigo's premise is that "three of the five topics listed in the Subpoenas . . . relate to Litigations 1 and 2" and therefore "not this action." Indigo Br. at 3. But the three litigations are, to a degree, interrelated. In this litigation, Carlyle contends that Frontier breached its obligation to cooperate with Carlyle's efforts to sell and refinance the leased aircraft. Frontier, for its part, has defended in part on the grounds that the relevant sections of the leases and Cooperation Agreement were "suspended" due to the breach alleged in Litigation 2 (that is, the "fail[ure] to provide notice . . . of the transfer" of the leases to Carlyle in the first place). Dkt. 30 ("Answer") at 12. Frontier likewise defends on the ground that the transactions Carlyle pursue would have left Frontier without "assurance" that it would be able to recover in Litigation 1. Answer at 13. The subpoenas' references to other pending litigation therefore do not indicate that they seek materials irrelevant to this litigation.

On the contrary, on even the limited showing by Carlyle, there are sound bases on which to infer that Indigo possesses relevant documents and could supply relevant testimony to the issues at hand here. Most obviously, Carlyle reasonably anticipates that discovery would show

that Indigo, consistent with its sizable equity stake in Frontier, played a role in bringing about, and had communications with Frontier executives regarding, the actions or omissions by Frontier in connection with the Sale/Refinancing Transactions at issue here. Discovery into such interactions and communications with Frontier is fair game. The Court therefore denies Indigo's motion to quash, to the extent the motion contends that the subpoenas call for documents or testimony that is categorically irrelevant.

At the same time, the subpoenas are problematic as drafted. Without any attempt to tailor, Carlyle demands "[a]ll [d]ocuments and [c]ommunications" in Indigo's possession related to the enumerated topics. Indigo rightly labels such a request "wildly overbroad." *Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, 18 Civ. 5393 (ALC) (KHP), 2022 WL 1977746, at *4 (S.D.N.Y. Jun. 3, 2022). The subpoenas do not, for example, isolate distinct topics that stand to be relevant, such as communications or interactions by Indigo with Frontier with regard to the Sale/Refinancing transactions. Instead, the subpoenas sweep broadly, commanding documents and testimony on purely internal communications within non-party Indigo with regard to the listed topics. The relevance of such communications to this lawsuit is not at all apparent. "[T]o the extent a subpoena sweepingly pursues material with little or apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (cleaned up). The subpoena's overbreadth here is sufficiently patent that, if not narrowed, the Court would be obliged to quash it, even absent a showing by Indigo that the burden of compliance would be onerous. *See, e.g., Kirschner v. Klemons*, No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).

3

On the record at hand, the parties have not given the Court the tools to narrow or conform the subpoena so as to be properly tailored. Indeed, based on the parties' correspondence, it does not appear that a proper meet and confer has occurred along these lines. Nor, to the extent that Indigo intends to claim a burden in complying with the subpoena, has any showing been made as to the burden that the subpoenas, if narrowed along particular lines, would present.

The Court accordingly directs Indigo and Carlyle to meet and confer with urgency, with an eye towards reaching agreement on a narrowed scope for the subpoenas. The Court expects that these discussions will result in agreement, or if not, service of a narrowed subpoena by Carlisle, which Indigo may then move to quash. To enable the Court to resolve any disputes about the subpoena prior to the holidays, the Court directs that any narrowed subpoena be served on Indigo by Tuesday, December 12, 2023; that any letter-motion to quash be filed by Indigo by Thursday, December 14, 2023; and that any letter-motion in opposition by Carlyle be filed by December 19, 2023. Such submissions should be made consistent with the Court's Individual Rules governing discovery disputes.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 7, 2023
New York, New York