UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.à r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.<br><br>Defendant. | Case No.: 1:23-cv-04774 (PAE)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' SUPPLEMENTAL COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, and with leave of the Court, Plaintiffs Carlyle Aviation Management Limited ("CAML"), Accipiter Investments Aircraft 4 Limited ("Accipiter"), Vermillion Aviation (Two) Limited ("Vermillion"), Accipiter Holdings DAC ("Accipiter Holdings"), Maverick Aviation Holdings Ltd. ("Maverick"), Manchester Aviation Finance S.à r.l. ("Manchester"), Wells Fargo Trust Company, N.A., not in its individual capacity but solely in its capacity as Owner Trustee ("Wells Fargo"), and UMB Bank, N.A., not in its individual capacity but solely in its capacity as Owner Trustee ("UMB"), files this First Supplemental Complaint against Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier") and alleges as follows:

## NATURE OF THE ACTION

88. Defendant is a commercial airline that leases 10 passenger aircraft, among others, that it uses in its business from certain of the Plaintiffs for which CAML acts as Servicer. Plaintiffs are the beneficial owners and lessors of those aircraft, as well as certain of their affiliates.

89. Plaintiffs and Defendant are parties to two litigations that are pending in the United States District Court for the Southern District of New York ("SDNY"), captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings*, No. 20-cv-09713-LLS, filed by Defendant on November 18, 2020 (the "2020 Litigation"), and *Frontier Airlines, Inc. v. AMCK Aviation Holdings*, No. 22-cv-02943-PAE, filed by Defendant on April 8, 2022 (the "2022 Litigation", and together with the 2020 Litigation, the "SDNY Litigations").

90. Despite the litigation between the parties, they have an ongoing business relationship. Indeed, in recognition of the need to work together cooperatively even in the midst of pending litigation, in October 2022, Plaintiffs and Defendant, at Defendant's request, entered into a Non-Waiver and Preservation of Rights Agreement (the "Cooperation Agreement"). The Cooperation Agreement obligated the parties to "continue to cooperate in good faith regarding" a number of specified matters, which the agreement defines as "Lease Administration Activities."

91. In addition, the aircraft Leases each require Defendant to cooperate with certain Plaintiffs on a range of different activities.[1]

92. Specifically, Section 20.2(a) of each of the Leases states that "[e]ach of Lessor [i.e., UMB or Wells Fargo] and Owner Participant [i.e., Accipiter or Vermillion] (and any subsequent permitted assignee or transferee) shall have the right at any time . . . to transfer ownership or beneficial ownership, as applicable, of the Aircraft," among other things. And, to

---

[1] Capitalized terms not defined herein will adopt definitions found in Plaintiffs' Complaint.

ensure that Lessor and Owner Participant could accomplish their respective contractual obligations, they specifically bargained for an obligation for Frontier to cooperate with such transfer.

93. Section 20.2(b) of the Leases states that "Lessee [i.e., Frontier] shall comply with all reasonable requests of Lessor or Owner Participant, and at the expense of Lessor, to cooperate in effecting" any "transfer, novation, assignment, mortgage, grant or other disposition referred to in paragraph (a) above and will execute any and all consents, agreements, amendments or other instruments . . . in form and substance reasonably satisfactory to Lessee . . . ."

94. Sections 20.2(a) and 20.2(b) of the Leases do not create an exception for Frontier's obligations to further their positions in another litigation.

95. Rather than comply with its obligations under the Cooperation Agreement and the Leases, Frontier has engaged in serial and ongoing breaches of their obligations, in an attempt to gain leverage over Plaintiffs and force a settlement of the SDNY Litigations.

96. As detailed in the Complaint, Plaintiffs have made repeated requests for Frontier to cooperate with certain Plaintiffs' attempts to sell certain aircraft and refinance others. All of Plaintiffs' contractual requests are industry standard, which any counterparty acting in good faith would comply with. But Frontier has unreasonably and unjustifiably withheld its consent.

## CONDUCT FOLLOWING THE FILING OF THE INITIAL COMPLAINT

97. Prior to the filing of the Complaint, Plaintiffs had secured binding contracts to sell four aircraft to third party purchasers.

98. The four aircraft were to be sold for a combined total of approximately ███ .

99. The original deadline for the sale of these four Aircraft was April 30, 2023.

100. Due to Frontier's constant stall tactics and unreasonable demands, certain Plaintiffs were forced to obtain an extension of the deadline to complete the sale transaction. Plaintiffs were only able to obtain an extension to July 31, 2023, and obtaining that extension required Plaintiffs to incur additional losses in the form of an agreement to reduce the purchase price that the purchaser would pay on a separate portfolio of aircraft.

101. As of July 31, 2023, the deadline for the sale of the four aircraft subject to purchase agreements executed between certain Plaintiffs and third-party purchasers, Frontier was still refusing to provide Plaintiffs with the documents that they needed to complete the sale of the four Aircraft. As a result, Plaintiffs were unable to close on the sale of those Aircraft.

102. Frontier's continued stall tactics and unreasonable requests in its effort to obtain a financial guaranty to which it was not entitled have caused Plaintiffs to suffer damages because certain Plaintiffs were unable to move forward with—and ultimately lost—the sale of the four aircraft from which Plaintiffs would have made a substantial profit.

103. Frontier's tactics have also significantly delayed the closing of several refinancings of six aircraft and such tactics have caused Plaintiffs to incur certain expenses.

\* \* \*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs are entitled to judgment as against the Defendant:

A. that Defendant breached the Leases and the Cooperation Agreement;

B. that Defendant tortiously interfered with Plaintiffs' prospective economic advantage;

C. ordering Defendant to pay Plaintiffs damages for breaches of the Leases and the Cooperation Agreement in an amount to be determined at trial;

- D.  entering an order enjoining Defendants from further breaches of the Leases and the Cooperation Agreement;

- E.  an award of punitive damages against Defendant;

- F.  an award of Plaintiff's reasonable attorneys' fees, costs, and disbursements in this action; and

- G.  awarding any other and further relief that the Court deems just and proper.

Dated: December 12, 2023  
New York, New York

**MILBANK LLP**

*/s/ Jed M. Schwartz*

Jed M. Schwartz  
Samantha A. Lovin  
Emily Werkmann  
55 Hudson Yards  
New York, New York 10001  
Tel: (212) 530-5000  
JSchwartz@milbank.com  
SLovin@milbank.com  
EWerkmann@milbank.com

*Counsel for Plaintiffs*