UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLYLE AVIATION MANAGEMENT LIMITED, *et al.*,

                                  Plaintiffs,

-v-

FRONTIER AIRLINES, INC.,

                                  Defendant.

23 Civ. 4774 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      The Court has reviewed the parties' competing letters addressing a discovery dispute arising from the refusal of defendant Frontier Airlines, Inc. ("Frontier") to collect electronically stored information ("ESI") responsive to the requests of plaintiffs (together, "Carlyle") numbered 5, 6, 7 and 9. *See* Dkts. 49, 53, 63, 67. These requests are facially unobjectionable. However, as Frontier notes, barring the imposition of limitations on which the parties have been unable to agree, compliance with these requests is likely to be burdensome and to impose disproportionate costs on Frontier given the extensive role played by legal counsel in communications relating to the subjects at issue. *See, e.g., North County Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, No. 08 Civ. 1518 (AJB) (WMC), 2012 WL 12870300, at *3 (S.D. Cal. Oct. 31, 2012) (weighing the limited "evidentiary value" of the likely privileged communications with the "expense and effort required to produce" them).

      Applying the Federal Rules and applicable precedents, as ably synopsized in counsels' letters, the Court's judgment is to enforce Carlyle's four requests, but subject to the following significant limitations:

1. Frontier is not obliged to search for or produce any communications to which an outside lawyer was a party. *Cf. Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) (communications with outside counsel are "presumed to be made for the purpose of seeking legal advice," unlike "communications with in-house counsel"). However, to the extent that Frontier's outside counsel may possess responsive documents of a different nature (*e.g.*, non-privileged internal Frontier documents that were furnished to outside counsel), this does not excuse Frontier from the obligation to search outside counsel's records for such documents and to produce them.

2. As to communications in which in-house (but not outside) counsel was a party, Frontier must search these, given the capacity of an in-house counsel to operate both in a legal and business capacity, and must produce such non-privileged responsive documents, or, where a document is in part privileged, the responsive portion(s) thereof that are not properly withheld on grounds of privilege. *See, e.g., Pearlstein v. BlackBerry Ltd.*, No. 13 Civ. 7060 (CM) (KHP), 2019 WL 1259382, at *4–5, *11 (S.D.N.Y. Mar. 19, 2019) (noting that communications between in-house counsel "must be scrutinized carefully to determine" the conversation's predominant purpose).

3. As to documents or portions withheld on grounds of privilege, Frontier need not create a document-by-document privilege log. Frontier may instead produce a privilege log that identifies categories of documents that it has withheld on grounds of privilege. The log, however, must supply sufficient detail about each category to be useful to opposing counsel in determining whether to challenge the claim of privilege

or demand an *in-camera* review by the Court of the items withheld or a sample thereof. *See, e.g., Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (rejecting a party's "blanket claim of privilege and complete[] refus[al] to comply" with a document request, but allowing that party to produce "a categorical privilege log" to "lessen the burden posed by reviewing and recording a large quantity of protected communications").

4. The Court expects these materials to be reviewed and produced with dispatch, but on an agreed schedule that is respectful of and deferential to counsels' holiday plans.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 12, 2023
New York, New York