UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.a.r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, <br><br>            Plaintiffs, <br><br>    v. <br><br> FRONTIER AIRLINES, INC. <br><br>            Defendant. | Case No. 1:23-cv-04774 (PAE) <br><br> [Rel. 1:22-cv-02943 (PAE)] |

**FRONTIER AIRLINES, INC.'S ANSWER TO SUPPLEMENTAL COMPLAINT**

Frontier Airlines, Inc. ("Frontier"), by its undersigned counsel, Binder & Schwartz LLP, hereby answers and responds as follows to the Supplemental Complaint, dated December 12, 2023 (the "Supplemental Complaint"), filed by Carlyle Aviation Management Limited ("CAML"), Accipiter Investments Aircraft 4 Limited ("Accipiter"), Vermillion Aviation (Two) Limited ("Vermillion"), Accipiter Holdings DAC ("Accipiter Holdings"), Maverick Aviation Holdings Ltd. ("Maverick"), Manchester Aviation Finance S.a r.1. ("Manchester"), Wells Fargo Trust Company, N.A., not in its individual capacity but solely in its capacity as Owner Trustee ("Wells Fargo"), and UMB Bank, N.A., not in its individual capacity but solely in its capacity as Owner Trustee ("UMB") (collectively, "Plaintiffs"). Frontier denies each and every allegation in the Supplemental Complaint except as expressly admitted below.

## ANSWER TO SUPPLEMENTAL COMPLAINT

88. Frontier admits that it is a commercial airline that leases a total of fourteen passenger aircraft from certain of the Plaintiffs and/or their predecessors that it uses in its business. Frontier denies the remaining allegations in Paragraph 88 of the Supplemental Complaint and respectfully submits that issues concerning whether Plaintiffs are properly the beneficial owners and lessors of the aircraft are the subject of the 2022 Litigation (as defined in Paragraph 89 of the Supplemental Complaint).

89. Frontier admits the allegations in Paragraph 89 of the Supplemental Complaint.

90. Frontier denies the allegations in Paragraph 90, except admits that the parties entered into a Non-Waiver and Preservation of Rights Agreement, which allows Frontier to interface with Plaintiffs as though they are the proper counterparty under the Leases and other Operative Documents, which Frontier denies. Frontier otherwise refers to the Non-Waiver and Preservation of Rights Agreement (which Plaintiffs mislabel a "cooperation agreement" contrary to its name and intent) for its content.

91. Paragraph 91 of the Supplemental Complaint purports to describe the parties' Leases. Frontier respectfully refers to the Leases for their contents, and otherwise denies the allegations in Paragraph 91.

92. Paragraph 92 of the Supplemental Complaint purports to contain quoted text from the Leases, and then characterizes the terms of the Leases. Frontier respectfully refers to the Leases for their contents, and otherwise denies the allegations in Paragraph 92.

93. Paragraph 93 of the Supplemental Complaint purports to contain quoted text from the Leases. Frontier respectfully refers to the Leases for their contents and otherwise denies the allegations in Paragraph 93.

94. Paragraph 94 of the Supplemental Complaint is argumentative and purports to state legal conclusions as to which no response is required. To the extent any response is required, Frontier denies the allegations in Paragraph 94.

95. Paragraph 95 of the Supplemental Complaint is argumentative and purports to state legal conclusions as to which no response is required. To the extent any response is required, Frontier denies the allegations in Paragraph 95.

96. Frontier denies the allegations in Paragraph 96 of the Supplemental Complaint.

97. Frontier denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Supplemental Complaint.

98. Frontier denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Supplemental Complaint.

99. Frontier denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Supplemental Complaint.

100. Frontier denies the allegations in Paragraph 100 of the Supplemental Complaint.

101. Frontier denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding "the deadline for the sale of the four aircraft subject to purchase agreements executed between certain Plaintiffs and third-party purchasers," and otherwise denies the allegations in Paragraph 101 of the Supplemental Complaint.

102. Frontier denies the allegations in Paragraph 102 of the Supplemental Complaint.

103. Frontier denies the allegations in Paragraph 103 of the Supplemental Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Frontier denies that Plaintiffs are entitled to any relief and respectfully requests that the Court grant Frontier the following relief:

(i) Dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 13(a) on the ground that

they are compulsory counterclaims in the 2022 Litigation;

(ii) A judgment denying all relief requested by Plaintiffs;

(iii) A judgment dismissing all of Plaintiffs' claims with prejudice;

(iv) A judgment against Plaintiffs and in favor of Frontier in all respects;

(v) An award to Frontier for reasonable attorneys' fees, costs, and expenses as required by the Leases;

On the Counterclaim:

(vi) A judgment granting all relief requested by Frontier;

(vii) An award of damages for Counterclaim-Defendants' breaches of the Leases in an amount to be determined at trial, plus interest and attorneys' fees;

(viii) An award of attorneys' fees, costs, and expenses incurred in prosecuting the Counterclaim; *and*

(ix) Such other relief to Frontier as the Court may deem just and proper.

Dated: New York, New York
December 26, 2023

Respectfully Submitted,

**BINDER & SCHWARTZ LLP**

/s/ Eric B. Fisher
Eric B. Fisher
Tessa B. Harvey
675 Third Avenue, 26th Floor
New York, New York 10017
Tel: (212) 510-7008
Email: efisher@binderschwartz.com

**LANE POWELL PC**
David Schoeggl (admitted *pro hac vice*)
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Tel: (503) 778-2100
Email: schoeggld@lanepowell.com

*Attorneys for Frontier Airlines, Inc.*