UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.à r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, <br><br>            Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, INC. <br><br>            Defendant. | Case No.: 1:23-cv-04774 (PAE) |

**PLAINTIFFS' ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIM**

Plaintiffs-Counterclaim Defendants Carlyle Aviation Management Limited ("CAML") Accipiter Investments Aircraft 4 Limited ("Accipiter"), Vermillion Aviation (Two) Limited ("Vermillion"), and Accipiter Holdings DAC ("Accipiter Holdings"), Maverick Aviation Holdings Ltd. ("Maverick"), Manchester Aviation Finance S.à r.l. ("Manchester"), Wells Fargo Trust Company, N.A., not in its individual capacity, but solely in its capacity as Owner Trustee ("WF Trustee"), UMB Bank, N.A., not in its individual capacity, but solely in its capacity as Owner Trustee ("UMB Trustee"), (collectively, "Counterclaim-Defendants"), by and through their undersigned attorneys, hereby answer Defendant-Counterclaim Plaintiff Frontier Airlines, Inc.'s ("Frontier") Amended Counterclaim dated September 6, 2023 (the "Amended Counterclaim"), as follows:

## JURISDICTION[1]

1.  Paragraph 1 states legal conclusions to which no response is required. To the extent that a response is required, Counterclaim-Defendants deny that the Amended Counterclaim is related to or forms part of the same case or controversy as Counterclaim-Defendants' claims.

2.  Paragraph 2 states legal conclusions to which no response is required. To the extent that a response is required, Counterclaim-Defendants deny the allegations set forth in Paragraph 2, except admit that this Court has subject matter jurisdiction of this action.

3.  Paragraph 3 states legal conclusions to which no response is required. To the extent that a response is required, Counterclaim-Defendants admit that the Leases and Guarantees each provide that the parties to each respective agreement irrevocably submit to the jurisdiction of this Court with respect to any suit, action, or proceeding contemplated by the relevant jurisdictional

---

[1] Counterclaim-Defendants do not admit that the Amended Counterclaim's headings or subheadings are accurate or appropriate and include them solely for ease of review. To the extent that any heading or subheading can be read to contain factual allegations, Counterclaim-Defendants deny each of them.

provisions of those agreements.[2]

4.  Paragraph 4 states legal conclusions to which no response is required. To the extent that a response is required, Counterclaim-Defendants deny the allegations in Paragraph 4, except admit that the Leases, Guarantees, and Participation Agreement each contain jurisdiction and/or venue provisions, respectfully refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

**A.     The Leases**

5.  Counterclaim-Defendants deny the allegations set forth in Paragraph 5, except admit that Frontier has asserted a Counterclaim.

6.  Counterclaim-Defendants deny the allegations in Paragraph 6, except admit that thirteen Lease Agreements are subject to a substantially similar Lease Form ("Lease Form 1"), respectfully refer to those Leases for their complete and accurate contents, and deny any allegations inconsistent therewith.

7.  Counterclaim-Defendants admit that Paragraph 7 partially quotes Lease Form 1, refer to the Leases for their complete and accurate contents, and deny any allegations inconsistent therewith.

8.  Counterclaim-Defendants admit that one Lease Agreement is subject to a separate Lease Form ("Lease Form 2"), and further admit that Paragraph 8 partially quotes from Lease Form 2, respectfully refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

9.  Counterclaim-Defendants deny the allegations in Paragraph 9, except admit that

---

[2] All capitalized terms not defined herein shall adopt their definitions found in the Complaint, ECF No. 1-2, and/or Counterclaim-Defendants' Motion to Dismiss Frontier's Amended Counterclaim, ECF No. 32.

Accipiter is a party to the Lease governed by Lease Form 2 and the Participation Agreement.

10. Counterclaim-Defendants deny the allegations in Paragraph 10, except admit that it partially quotes the Participation Agreement, respectfully refer to that agreement for its complete and accurate contents, and deny any allegations inconsistent therewith.

11. Counterclaim-Defendants deny the allegations in Paragraph 11, except admit that Accipiter, Accipiter Holdings, and/or Vermillion are Guarantors under one or more of the Leases.

12. Counterclaim-Defendants deny the allegations in Paragraph 12, except admit that it purports to paraphrase certain documents, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

13. Counterclaim-Defendants deny the allegations in Paragraph 13.

14. Counterclaim-Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Counterclaim-Defendants deny the allegations in Paragraph 15, except admit that it purports to paraphrase certain documents, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

16. Counterclaim Defendants admit that Paragraph 16 partially quotes Lease Form 1, refer to the Leases for their complete and accurate contents, and deny any allegations inconsistent therewith.

17. Counterclaim Defendants admit that Paragraph 17 partially quotes Lease Form 2, refer to the Leases for their complete and accurate contents, and deny any allegations inconsistent therewith.

18. Counterclaim Defendants admit that Paragraph 18 purports to paraphrase the Participation Agreement, refer to that agreement for its complete and accurate contents, and deny

3

any allegations inconsistent therewith.

**B.     The Parties' Dispute**

19.     Counterclaim-Defendants need not respond to the allegations set forth in Paragraph 19 that are directed solely at a non-party and consist of legal conclusions. To the extent a response is required, Counterclaim-Defendants deny the allegations in Paragraph 19, except admit that WF Trustee and UMB Trustee are Owner Trustees of the Aircraft as that term is defined in the Leases.

20.     Counterclaim-Defendants need not respond to the allegations set forth in Paragraph 20 that are directed solely at a non-party. To the extent a response is required, Counterclaim-Defendants deny the allegations in Paragraph 20, except admit that Paragraph 20 purports to paraphrase the Framework Agreement, refer to the Framework Agreement for its complete and accurate contents, and deny any allegations inconsistent therewith.

21.     Counterclaim-Defendants need not respond to the allegations set forth in Paragraph 21 that are directed solely at a non-party. To the extent a response is required, Counterclaim-Defendants deny the allegations set forth in Paragraph 21.

22.     Counterclaim-Defendants need not respond to the allegations set forth in Paragraph 22 that are directed solely at a non-party. To the extent a response is required, Counterclaim-Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23.     Counterclaim-Defendants need not respond to the allegations set forth in Paragraph 23 that are directed solely at a non-party. To the extent a response is required, Counterclaim-Defendants deny the allegations in Paragraph 23, except admit that Frontier brought an action before the United States District Court for the Southern District of New York, captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ir. Ltd. et al.*, No. 20-cv-9713 (LLS) (S.D.N.Y.)

("Litigation 1").

24. Counterclaim-Defendants admit that AMCK's motion to dismiss was denied on May 5, 2021.

25. Counterclaim-Defendants need not respond to the allegations set forth in Paragraph 25 that are directed solely at a non-party. To the extent a response is required, Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, except admit that on July 6, 2023, Judge Stanton issued an order in Litigation 1, refer to that order for its complete and accurate contents, and deny any allegations inconsistent therewith.

26. Counterclaim-Defendants deny the allegations in Paragraph 26, except admit that the Carlyle Group issued a press release on December 23, 2021 regarding the sale of a portion of AMCK's assets to affiliates of Carlyle Aviation Partners and that AMCK transferred its various ownership interests in Manchester to Vermillion Aviation Holdings Limited ("Vermillion Holdings"). Further, Counterclaim-Defendants admit that Vermillion Holdings transferred Manchester and a shareholder of Accipiter Holdings to Maverick in April 2022.

27. Counterclaim-Defendants deny the allegations set forth in the first sentence of Paragraph 27, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 27.

28. Counterclaim-Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29. Counterclaim-Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30. Counterclaim-Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 30.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a further response is required, Counterclaim-Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31.

32. Counterclaim-Defendants admit that, on or about April 13, 2022, CAML sent a letter to Frontier stating, among other things, that CAML had taken on the role of "Servicer" or "Lease Manager" (as those terms are defined in the Leases), refer to the letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

33. Counterclaim-Defendants deny the allegations set forth in Paragraph 33, except admit that on or about April 21, 2022 Frontier objected to the Carlyle/CK Transaction in a letter to CAML, refer to the letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

34. Counterclaim Defendants deny the allegations in Paragraph 34, except admit that on or about June 1, 2022, certain notices were served on Frontier, refer to those notices for their complete and accurate contents, and deny any allegations inconsistent therewith.

35. Counterclaim-Defendants deny the allegations in Paragraph 35, except admit that Frontier brought an action before the United States District Court for the Southern District of New York, captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ir. Ltd. et al.*, No. 20-cv-02943 (PAE) (S.D.N.Y.) ("Litigation 2") (together with Litigation 1, the "SDNY Litigations"), and further admit that Counterclaim-Defendants Accipiter, Vermillion, Accipiter Holdings, CAML, Maverick, Manchester, WF Trustee, and UMB Trustee are defendants in Litigation 2.

36. Counterclaim-Defendants deny the allegations in Paragraph 36, except admit that Frontier filed a complaint in Litigation 2, and refer to that complaint for its contents.

6

37. Counterclaim-Defendants admit that, in Litigation 2, the Court granted in part and denied in part the defendants' motion to dismiss, and respectfully refer to the docket in that action for the full contents of those proceedings.

38. Counterclaim-Defendants admit that on November 16, 2022, CAML notified Frontier of its intent to sell four aircraft to two third parties.

39. Counterclaim-Defendants deny the allegations set forth in Paragraph 39, except admit that on November 23, 2022, Frontier sent CAML a letter, refer to that letter for its complete contents, and deny any allegations inconsistent therewith.

40. Counterclaim-Defendants deny the allegations set forth in Paragraph 40, except admit that on November 23, 2022, CAML sent Frontier draft security assignments for certain of the Aircraft.

41. Counterclaim-Defendants deny the allegations set forth in Paragraph 41.

42. Counterclaim-Defendants deny the allegations set forth in Paragraph 42.

43. Counterclaim-Defendants deny the allegations set forth in Paragraph 43.

44. Counterclaim-Defendants deny the allegations set forth in Paragraph 44.

45. Counterclaim-Defendants deny the allegations set forth in Paragraph 45, except admit that counsel for Frontier and CAML conferred on December 5, 2022.

46. Counterclaim-Defendants deny the allegations set forth in Paragraph 46, except admit that CAML provided Frontier with a chart on December 5, 2022 detailing the Aircraft discussed by Frontier and CAML that day, including detailed descriptions of each Aircraft, current owner trustee, owner participant, and guarantor information, and notes on financing and sales plans at that time.

47. Counterclaim-Defendants deny the allegations set forth in Paragraph 47, except

admit that counsel for Frontier and CAML conferred on December 5, 2022 and that the execution of a new tripartite agreement among CFM, Frontier, and the proposed transferees was required to complete transfers of certain Aircraft.

48. Counterclaim-Defendants deny the allegations set forth in Paragraph 48.

49. Counterclaim-Defendants admit the allegations set forth in Paragraph 49.

50. Counterclaim-Defendants deny the allegations set forth in Paragraph 50.

51. Counterclaim-Defendants deny the allegations in Paragraph 51, except admit that on February 9, 2023, CAML sent Frontier a draft security assignment notice containing its counterproposal to Frontier's proposed language regarding the SDNY Litigations, which included a provision stating that nothing in the notice "shall constitute or be treated as a waiver of any contractual or extra contractual right or as a waiver of any right or defense by any person in connection with" the SDNY Litigations, respectfully refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

52. Counterclaim-Defendants deny the allegations set forth in Paragraph 52, except admit that on March 24, 2023, CAML sent Frontier a guaranty proposal in an attempt to respond to Frontier's purported concerns, and further admit that Frontier insisted on obtaining things to which it was not entitled, such as a bond or letter of credit.

53. Counterclaim-Defendants deny the allegations set forth in Paragraph 53, except admit that CAML's March 24, 2023 guaranty offered additional security to Frontier by proposing that Maverick Aviation (Ireland) DAC provide a guaranty (the "Maverick Guaranty"), refer to the Maverick Guaranty for its complete and accurate contents, and deny any allegations inconsistent therewith.

54. Counterclaim-Defendants deny the allegations set forth in Paragraph 54, refer to

the Maverick Guaranty for its complete and accurate contents, and deny any allegations inconsistent therewith.

55. Counterclaim-Defendants deny allegations set forth in Paragraph 55, except admit Frontier provided a revised guaranty proposal to CAML on April 7, 2023.

56. Counterclaim-Defendants deny the allegations set forth in Paragraph 56, except admit that on April 24, 2023, CAML offered, as a counterproposal to Frontier's April 7, 2023 revised guaranty proposal, refer to that counterproposal for its complete and accurate contents, and deny any allegations inconsistent therewith.

57. Counterclaim-Defendants deny the allegations set forth in Paragraph 57, except admit that CAML sent Frontier a letter on April 27, 2023, detailing Frontier's multiple breaches of the Leases and the Cooperation Agreement.

58. Counterclaim-Defendants deny the allegations set forth in Paragraph 58, except admit that Frontier sent CAML a letter on May 3, 2023, and a communication on May 5, 2023, refer to those communications for their contents, and deny any allegations inconsistent therewith.

59. Counterclaim-Defendants deny the allegations set forth in Paragraph 59.

60. Counterclaim-Defendants admit that on May 26, 2023, CAML served on Frontier fourteen notices of default.

61. Counterclaim-Defendants deny the allegations set forth in Paragraph 61, except admit that the Default Notices notified Frontier that it had failed to comply with its obligations under Section 20.2(b) of Lease Form 1 or Section 22.2 of Lease Form 2.

62. Counterclaim-Defendants deny the allegations set forth in Paragraph 62, except admit that the Default Notices referenced the bargained-for remedies that Frontier agreed to when it entered into the Leases.

63. Counterclaim-Defendants deny the allegations set forth in Paragraph 63.

64. Counterclaim-Defendants deny the allegations set forth in Paragraph 64.

65. Counterclaim-Defendants admit that Counterclaim-Defendants filed this action in New York Supreme Court on June 1, 2023, which Frontier later removed to the United States District Court for the Southern District of New York, and that Counterclaim-Defendants served a copy of the action on Frontier via its agent for service of process.

66. Counterclaim-Defendants deny the allegations set forth in Paragraph 66, except admit that Frontier sought a temporary restraining order in Litigation 2 on June 7, 2023.

67. Counterclaim-Defendants deny the allegations set forth in Paragraph 67, except admit the Court granted Frontier's temporary restraining order in Litigation 2 on June 8, 2023, and respectfully refer to that order for its complete and accurate contents.

68. Counterclaim-Defendants deny the allegations set forth in Paragraph 68, except admit CAML offered Frontier a revised guaranty proposal on July 3, 2023.

69. Counterclaim-Defendants deny the allegations set forth in Paragraph 69, except admit that CAML offered Frontier a revised guaranty proposal on July 3, 2023.

70. Counterclaim-Defendants deny the allegations set forth in Paragraph 70, except admit that in Litigation 2, the Court entered a narrow preliminary injunction on July 18, 2023, and scheduled a follow-up conference for August 10, 2023, and further admit that Paragraph 70 partially quotes from the transcript of the July 18, 2023 proceeding (*see* Litigation 2, ECF No. 104), respectfully refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

71. Counterclaim-Defendants admit the allegations set forth in Paragraph 71.

72. Counterclaim-Defendants admit that pursuant to the Court's August 17, 2023 order

in Litigation 2, Frontier provided executed transaction documents to CAML on or before August 31, that Frontier received the executed guaranty on August 21, 2023.

73. Counterclaim-Defendants admit that pursuant to the Court's August 17, 2023 order in Litigation 2, Frontier provided executed transaction documents to CAML on or before August 31, 2023.

74. Counterclaim-Defendants deny the allegations in Paragraph 74, except admit that Paragraph 74 partially quotes from Lease Form 1, and respectfully refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

75. Counterclaim-Defendants deny the allegations set forth in Paragraph 75, except admit that on August 31, 2023, Counterclaim-Defendants paid Frontier in the amount of $160,472.60, after determining that those fees were reasonably incurred within the meaning of the Leases, and requested a meet and confer to discuss certain other of Frontier's invoiced out-of-pocket costs and expenses Frontier asserts it incurred in connection with its cooperation with Counterclaim-Defendants regarding the relevant transfers.

76. Counterclaim-Defendants deny the allegations set forth in Paragraph 76, except admit that on or about March 9, 2023, Frontier sent CAML an invoice for certain legal fees.

77. Counterclaim-Defendants deny the allegations set forth in Paragraph 77.

78. Counterclaim-Defendants admit that on August 27, 2023, Frontier provided CAML with redacted invoices showing its purported non-litigation legal fees and costs, and that on August 31, 2023, CAML reimbursed Frontier in the amount of $160,472.60, after determining that those fees were reasonably incurred within the meaning of the Leases, and requested a meet and confer to discuss certain other of Frontier's invoiced legal fees and costs.

79. Counterclaim-Defendants deny the allegations set forth in Paragraph 79.

## **FIRST CLAIM FOR RELIEF**

## **(BREACH OF CONTRACT)**

80. To the extent any answer is required to the allegations contained in Paragraph 80, Counterclaim-Defendants restate and adopt their answers to Paragraphs 1 through 79.

81. Counterclaim-Defendants admit that Frontier and either WF Trustee or UMB Trustee are parties to the Leases for the Aircraft subject to Lease Form 1; Frontier and WF Trustee are parties to the Lease for the Aircraft subject to Lease Form 2; Frontier, WF Trustee, and Accipiter are parties to the Participation Agreement; and Frontier and Accipiter, Accipiter Holdings, or Vermillion are parties to the Guarantees.

82. Counterclaim-Defendants deny the allegations set forth in Paragraph 82.

83. Counterclaim-Defendants deny the allegations set forth in Paragraph 83, except admit that Paragraph 83 refers to Lease Form 1, refer to Lease Form 1 for its complete and accurate contents, and deny any allegations inconsistent therewith.

84. Counterclaim-Defendants deny the allegations set forth in Paragraph 84, except admit that Paragraph 84 refers to Lease Form 1, refer to Lease Form 1 for its complete and accurate contents, and deny any allegations inconsistent therewith.

85. Counterclaim-Defendants deny the allegations set forth in Paragraph 85, except admit that Paragraph 85 refers to Lease Form 1, refer to Lease Form 1 for its complete and accurate contents, and deny any allegations inconsistent therewith.

86. Counterclaim-Defendants deny the allegations set forth in Paragraph 86, except admit that Paragraph 86 refers to Lease Form 2, refer to Lease Form 2 for its complete and accurate contents, and deny any allegations inconsistent therewith.

87. Counterclaim-Defendants deny the allegations set forth in Paragraph 87, except

admit that Paragraph 87 refers to Lease Form 2, refer to Lease Form 2 for its complete and accurate contents, and deny any allegations inconsistent therewith.

88. Counterclaim-Defendants deny the allegations set forth in Paragraph 88, except admit that Paragraph 88 refers to the Participation Agreement, refer to the Participation Agreement for its complete and accurate contents, and deny any allegations inconsistent therewith.

89. Counterclaim-Defendants deny the allegations set forth in Paragraph 89, except admit that Paragraph 89 refers to the Participation Agreement, refer to the Participation Agreement for its complete and accurate contents, and deny any allegations inconsistent therewith.

90. Counterclaim-Defendants deny the allegations set forth in Paragraph 90, except admit that Paragraph 90 refers to the Guarantees, refer to the Guarantees for its complete and accurate contents, and deny any allegations inconsistent therewith.

91. Counterclaim-Defendants deny the allegations set forth in Paragraph 91.

92. Counterclaim-Defendants deny the allegations set forth in Paragraph 92.

93. Counterclaim-Defendants deny the allegations set forth in Paragraph 93.

94. Counterclaim-Defendants deny the allegations set forth in Paragraph 94.

95. Counterclaim-Defendants deny the allegations set forth in Paragraph 95.

96. Counterclaim-Defendants state that no response is required to Frontier's claims for relief.  To the extent that a response is required, Counterclaim-Defendants deny that Frontier is entitled to the relief sought in the Amended Counterclaim or any relief at all.

## **AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses set forth below, Counterclaim-Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are

pleaded in the alternative, and do not constitute an admission of liability or that Frontier is entitled to any relief whatsoever.

### First Defense

Frontier's remaining claim is barred in whole or in part for failure to state a claim.

### Second Defense

Frontier's remaining claim is barred because it has not suffered any losses or damages proximately caused by the conduct of Counterclaim-Defendants.

### Third Defense

Frontier's remaining claim is barred by the doctrine of equitable estoppel.

### Fourth Defense

Frontier's remaining claim is barred in whole or in part by the doctrines of laches, waiver, consent, release, estoppel, unclean hands, ratification and/or unconscionability.

### Fifth Defense

Frontier's remaining claim is barred by the doctrine of assumption of the risk.

### Sixth Defense

Frontier's remaining claim is barred in whole or in part because the claims for alleged damages are too speculative and too attenuated, and because it is impossible to ascertain or allocate the alleged damages.

### Seventh Defense

Frontier is not entitled to compensatory, consequential, or statutory damages or attorney's fees.

### Eighth Defense

Frontier's remaining claim is barred in whole or in part because Frontier has failed to

mitigate any damages it may have suffered, if in fact Frontier sustained any damages, which Counterclaim-Defendants expressly deny, and any recovery by Frontier must be barred or reduced by reason thereof.

Ninth Defense

Frontier's remaining claim is barred in whole or in part by the covenant of good faith and fair dealing.

Tenth Defense

Frontier's remaining claim is barred in whole or in part by satisfaction or partial satisfaction.

Eleventh Defense

Frontier's remaining claim is barred in whole or in part because its alleged attorney's fees, costs, and expenses are unreasonable.

Dated: February 15, 2024
       New York, New York

**MILBANK LLP**

/s/ *Jed M. Schwartz*

Jed M. Schwartz
Samantha A. Lovin
55 Hudson Yards
New York, New York 10001
Tel: (212) 530-5000
JSchwartz@milbank.com
SLovin@milbank.com

*Counsel for Plaintiffs-Counterclaim Defendants*