UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLYLE AVIATION MANAGEMENT LIMITED, ACCIPITER INVESTMENTS AIRCRAFT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.à r.l., WELLS FARGO TRUST COMPANY, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE, UMB BANK, N.A., not in its individual capacity but solely in its capacity as OWNER TRUSTEE,

Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

Defendant.

Case No. 1:23-cv-04774 (PAE)

[Rel. 1:22-cv-02943]

REVISED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

---

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. This case **is** to be tried to a jury. Defendants reserve their right to challenge Plaintiffs' jury trial demand.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **thirty (30)** days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than **fourteen (14)** days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5. All fact discovery shall be completed no later than **July 22, 2024**. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. Initial requests for production of documents to be served by **August 18, 2023**.

    b. Interrogatories to be served by **April 22, 2024**.

    c. Depositions to be completed by **July 22, 2024**.

    d. Requests to Admit to be served no later than **April 22, 2024.**

7.

    a. All expert discovery shall be completed no later than **October 7, 2024**. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, i.e., the completion of all fact discovery.]

    b. No later than thirty (30) days prior to the date in paragraph 5, i.e., the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: **The parties engaged in an all-day mediation on June 28, 2023, and continued to have discussions through July 7. Unfortunately, the parties were unable to reach an agreement.**

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before

a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: **The parties have retained a private mediator.**

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (e.g., within the next sixty (60) days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): **The parties will continue to engage in settlement discussions and will periodically discuss the benefit of additional mediation dates.**

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions in limine shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is **five (5) days**.

13. [Other items, including those in Rule 26(f)(3).]

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

    14. [Other]

    15. The next Case Management Conference is scheduled for August 22, 2024, at 10 a.m.

    Unless otherwise indicated, the Case Management Conference will be held **telephonically**. The parties should call into the Court's dedicated conference line at **(888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key**. Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.
    All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.
    **Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference**, the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will be calling.

    This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

                                              *Paul A. Engelmayer*
                                              Paul A. Engelmayer
                                              United States District Judge

Dated: May 8, 2024

New York, New York